## L. FLATEAU v. D. W. LUBECK.

NEW TRIAL.—If no notice is given of an intention to move for a new trial, a statement made and filed, and agreed to by the parties, or settled by the Judge, cannot be made the foundation of a motion, nor annexed to the record of the judgment or order from which the party may appeal. A notice of motion for a new trial should be in writing.

MISTAKE IN NOTICE OF APPEAL.—If there is enough in the notice of appeal to show that the judgment or order contained in the transcript are the same intended to be appealed from, the appeal will not be dismissed, although the notice may contain mistakes as to the date of the order or judgment.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*George R. Moore,* for Appellant.

*Tuttle & Fellows,* for Respondent.

By the Court, CURREY, J.

The respondent in this case makes certain preliminary objections to the transcript on appeal, on the grounds :

1st. That no notice appears to have been given by the plaintiff to the defendant of his intention to move for a new trial, and that, therefore, the statement purporting to be a statement on motion for a new trial cannot be considered on appeal.

2d. That the notice of appeal is radically defective, and insufficient for the purpose intended by the appellant.

From the transcript in the case it appears that the verdict was rendered on the tenth day of November, 1863, in favor of the defendant, against the plaintiff, and that on the day following, on motion of plaintiff's counsel, the Court, by order, granted to the plaintiff ten days from that time in which to prepare and file a statement to be used on motion for a new trial; that on the 17th day of the same month, a statement, which the parties agreed to as correct, was filed; and that between the time the order was made and the day when the statement was filed, namely, on the 13th day of said month, the counsel for plaintiff moved for a new trial, which was then denied by the Court. There is nothing in the transcript from which it can be inferred that the defendant or his counsel had any notice of the motion for a new trial, or that he or they appeared or participated in the argument of the motion.

As to the first objection, the statute provides that the party intending to move for a new trial shall give notice of the same, when the action has been tried by a jury, within five days after the rendition of the verdict, and that the notice shall designate, generally, the grounds upon which the motion will be made. (Laws of 1863, p. 643.) In *Borland* v. *Thornton*, 12 Cal. 448, the Court say : " When the statute speaks of notice, it means written notice, or notice in open Court, of which a minute is made by the Clerk." That a notice in legal proceedings should be in writing, we deem essential to the protection of the rights of the party to be affected by it. Any other practice would, in many instances, be attended with mischievous results, and hence should be discountenanced. (*Gilbert* v. *Columbia Turnpike Company*, 3 Johns. Cas. 107.) The statute does not provide for any other than a written notice, and we are not satisfied that a notice in open Court, entered in the minutes of the Clerk, in such cases, can properly serve as a substitute for the notice contemplated by the statute. If it can, then it should contain all the substantive elements of the statutory notice, and should be brought to the

attention of the party entitled to notice; and all this should appear, by proper entry, in the minutes of the Court.

If there was no legal notice of a motion for a new trial, it necessarily follows that the statement, the use of which is dependent on a valid and effectual notice, cannot be made the foundation of a motion for a new trial, nor annexed to the record of the judgment or order from which the party may appeal.

As to the second objection : The notice of appeal was filed on the 19th day of December, 1863, and purports to be an appeal from a judgment rendered in the cause on the 10th day of September, 1860, and from an order overruling the motion for a new trial on the 14th day of December, 1863. The judgment in the cause was rendered on the 10th of November, 1863, and the order overruling the motion for a new trial was made on the 13th of that month.

The Act of the Legislature of 1861, entitled " An Act to regulate appeals in this State," provides that no appeal shall be dismissed for insufficiency of the notice of appeal. There is enough upon the face of this notice to show that the judgment and order mentioned in the transcript of the record were the same referred to in the notice, and we think the Act of 1861 was designed to relieve parties in such cases from injurious consequences because of such mistakes.

The first objection of the respondent which we have here noticed we are compelled to regard as precluding any examination of the evidence and the proceedings in the case embodied in the statement; and, inasmuch as no error is manifest in that portion of the record which we are permitted to consider, the judgment must be affirmed.

Judgment affirmed.