WILLIAM R. STREET, Respondent, *v.* LEMON MILL AND MINING COMPANY, Appellant.

Notice of Motion for New Trial, without Specifying Grounds, Insufficient.—A notice of motion for new trial, which fails to designate the grounds upon which the motion will be made, is insufficient.

Defective Notice for New Trial not Helped by Statement.—The language of section 197 of the Practice Act, requiring a notice of motion for new trial to "designate generally the grounds upon which the motion will be made," is clear, plain and explicit; and a disregard of it is not helped out by designating the grounds in the statement.

Appeal from the District Court of the Sixth Judicial District, Lander County.

This was an action to recover the possession of a certain mining claim, known as the "Hidden Jewel," in Eureka Mining District, Lander County. There was a verdict and judgment for plaintiff. Defendant moved for a new trial and gave notice of the motion as stated in the opinion. The motion being overruled, defendant appealed from the order and judgment.

*A. M. Hillhouse,* for Respondent.

Respondent objects to the consideration of any objections of appellant, because no notice of motion to move for new trial was ever given in the court below. That which purports to be such notice states no grounds upon which such

motion will be based. It fails to comply with the require-
ments of the Practice Act in an important particular, and
for that reason is radically defective, and respondent's mo-
tion to dismiss should have prevailed. *Worthing* v. *Cutts*, 8
Nev. 120; Practice Act, Sec. 197; *Sherwood* v. *Sissa*, 5
Nev, 349.

*Thomas Wren*, for Appellant.

I. Counsel for defendant gave notice that they would
"move for a new trial upon statement hereafter to be filed."
This was equivalent to notice that they would not make the
motion upon either of the first, second, third or fourth subdi-
visions of section 195 of the Practice Act, but that the motion
would be made upon one or all of the last three subdivisions.
The notice was followed by the filing and service of a state-
ment on motion for a new trial, stating the grounds gener-
ally, and also particularly. Is this not a substantial com-
pliance with the statute? In the case of *Caldwell* v. *Greeley*,
the court held that "courts should be liberal in allowing
amendments to defective statements on motion for new
trial," etc. 5 Nev. 258. Should courts not be equally lib-
eral in the construction of statutes, in order that justice
may be done, and parties not deprived of their property for
the want of exact technical compliance with the statute?

By the Court, HAWLEY, J.:

This appeal is from an order of the court below refusing
a new trial. Respondent objects to any consideration of
appellant's statement and claims that no notice of intention
to move for a new trial was ever given as by law required.
The notice given by appellant reads as follows: "Take no-
tice that said defendant hereby moves the said court to set
aside the verdict and judgment rendered and entered in the
above entitled cause and to grant a new trial of said cause;
said motion is based upon a statement to be hereafter filed."

The Practice Act provides, that the party intending to move for a new trial shall give notice of the same within a specified time, and that "the notice shall designate generally the grounds upon which the motion will be made." Stats. 1869, 226, Sec. 197. Does the notice given by appellant comply with this provision ? We think not. The notice of intention to move for a new trial is independent of the affidavit and statement provided for in section 196. It must be based on one or more of the grounds mentioned in section 195; and the grounds relied upon must be generally stated in the notice. The language of the statute is clear, plain and explicit, and there is no excuse for such disregard of its express provisions.

In *Worthing* v. *Cutts*, this Court held that the Practice Act did not require that the statement should designate the general grounds of error relied upon, and added that "the notice of motion is required to state generally the grounds of error." 8 Nev. 120. In *Flateau* v. *Lubeck*, (24 Cal. 365) it was held that the use of the statement was "dependent on a valid and effectual notice." No statutory notice of intention to move for a new trial having been given, and the proper objections having been made by respondent, it follows that appellant's statement could not be made the foundation of a motion for a new trial. *Flateau* v. *Lubeck, supra; Zenith G.* and *S. M. Co.* v. *Irvine,* 32 Cal. 303; *Wright* v. *Snowball,* 45 Cal. 654; *Calderwood* v. *Brooks,* 28 Cal. 154.

The order denying a new trial is affirmed.