[Sac. No. 29.   Department Two.—May 9, 1896.]

JOHN HUGHES ET AL., RESPONDENTS, *v.* E. K. ALSIP, APPELLANT.

NEW TRIAL—NOTICE OF INTENTION—STATEMENT OF BASIS OF MOTION ESSENTIAL.—A motion for a new trial cannot be considered when the notice of intention does not state what the motion will be based upon, whether upon affidavits, minutes of the court, bill of exceptions, or a statement of the case, as required by section 659 of the Code of Civil Procedure.

ID.—WAIVER—BILL OF EXCEPTIONS—AMENDMENTS—SETTLEMENT.—A defect in the notice of a motion for a new trial, in not stating upon what the motion would be based, is not waived by the proposal of amendments to a bill of exceptions, nor by participation in the settlement of such bill, as appellant is entitled to use a bill of exceptions upon appeal from the judgment, regardless of the motion for new trial.

APPEAL FROM JUDGMENT—SUFFICIENCY OF COMPLAINT.—Upon an appeal from the judgment, if the complaint states facts sufficient to constitute a cause of action, any merely defective or imperfect statement of such facts to which no demurrer was interposed will not warrant a reversal of the judgment.

STREET ASSESSMENTS—FORECLOSURE OF LIENS—ATTORNEY'S FEE.—Only one attorney's fee can be recovered in an action to foreclose liens for street assessments, regardless of how many different causes of action may be included in the same complaint.

APPEAL from a judgment of the Superior Court of Sacramento County.   A. P. CATLIN, Judge.

The action was brought to foreclose six several liens for street improvements in the city of Sacramento. The work was done under a resolution of intention, passed April 3, 1893, by the board of trustees of the city, to order that "Twenty-first street, from the south line of P street to the center line of T street in said city, except such portion thereof as is required by law to be kept in order or repair by any person or company having railroad tracks thereon, be, where not already done, improved by grading and graveling to the official grades, constructing redwood curbing, and filling in behind the same to a distance not to exceed eight feet, constructing Oregon pine plank crosswalks at street and alley intersections, redwood culverts, round corners, and an ironstone culvert at 'X' street." The contract

attached to the complaint as "Exhibit A" provided that the proposed work should be paid for at the following prices: "Per cubic yard of earth, excavating, 20 cents; per cubic yard of earth, scraper work, 25 cents; per cubic yard of earth, hauling from block to block, 40 cents; per cubic yard gravel, $1.70; per lineal foot of redwood curbing, 13 cents; per round corner, $3; per 'M' board measure, lumber in crosswalks and aprons, $30; per 'M' board measure, lumber in culverts, $30; per 'M' board measure, resetting old crosswalks and culverts, $10; per lineal foot, resetting old curb, 8 cents." Further facts are stated in the opinion of the court.

*J. C. Bates*, for Appellant.

The city council or trustees did not determine the work, and did not acquire jurisdiction of the subject matter. The proceedings are void on their face. (*Bolton* v. *Gilleran*, 105 Cal. 244; 45 Am. St. Rep. 33; *San Jose etc. Co.* v. *Auzerais*, 106 Cal. 498.) The complaint alleges that the work is to be completed according to specifications hereunto annexed and made a part of this contract, and none are to be found. Matters of substance must be averred (*Los Angeles* v. *Signoret*, 50 Cal. 298; approved in *Burkett* v. *Griffith*, 90 Cal. 542; 25 Am. St. Rep. 151), and each cause of action must be complete in itself. (*Reading* v. *Reading*, 96 Cal. 6.) The judgment is erroneous in allowing fifteen dollars attorney's fees for each lot. (General Street Law, sec. 12; *Brady* v. *Kelly*, 52 Cal. 371; *Gillis* v. *Cleveland*, 87 Cal. 218.) The complaint is fatally defective in not alleging that the return indorsed on the warrant was "signed by the contractor or his assigns, or some person in his or their behalf," or whether it was verified upon oath. (General Street Law, sec. 10; *Perine etc. Co.* v. *Quackenbush*, 104 Cal. 684.) The complaint is also defective in not alleging a proper posting of the notice inviting sealed proposals or bids for doing the work ordered. (General Street Law, sec. 5; *Himmelmann* v. *Townsend*, 49 Cal. 150.) The complaint alleges that there was a warrant

signed and countersigned by respective officers, at some time, no date given, "and in the form provided for by section 9 of said act, authorizing and empowering B. Lohs, as such contractor, to demand and receive the several assessments." Such allegation is only a conclusion of law, and not sufficient to stand a general demurrer. (*Shipman* v. *Forbes*, 97 Cal. 572; *Himmelman* v. *Danos*, 35 Cal. 448; *Libbey* v. *Elsworth*, 97 Cal. 317; *Wood* v. *Carpenter*, 101 U. S. 134; *American Mut. Aid Soc.* v. *Helburn*, 85 Ky. 1; 7 Am. St. Rep. 571; *Ormsby* v. *Louisville*, 79 Ky. 197.)

*White, Hughes & Seymour*, for Respondents.

The motion for new trial was properly denied, because of the insufficiency of the notice of intention, in not designating whether the motion would be made upon affidavits or the minutes of the court, or a bill of exceptions. (Code Civ. Proc., sec. 659; *Hill* v. *Beatty*, 61 Cal. 292.) It was defendant's right to preserve his exceptions in a bill of exceptions without regard to the question of new trial. (Code Civ. Proc., secs. 646–53, 670.) Defendant's objections to the sufficiency of the allegations in the complaint should have been made in the lower court and by demurrer. The case has been tried on its merits, and any informalities or defects in the complaint have been cured by the verdict. (1 Chitty on Pleading, 673; *Treanor* v. *Houghton*, 103 Cal. 53; *Hallock* v. *Jaudin*, 34 Cal. 167; *Hibernia etc. Soc.* v. *Ordway*, 38 Cal. 679; *Schluter* v. *Harvey*, 65 Cal. 158.) If defendant now attempts to press, as an objection to the sufficiency of the complaint, that the specifications were not annexed, his contention is untenable. (*Byrne* v. *Luning Co.*, 8 Cal. Dec. 189.) The resolution of intention providing for curbing and " filling in behind the same to a distance not to exceed eight feet," sufficiently designates the work proposed. The judgment for attorney's fees of fifteen dollars for each lot was not erroneous, but, if so, it can be modified accordingly. (*Gillis* v. *Cleveland*, 87 Cal. 218.)

McFarland, J.—Action to foreclose several liens for street assessments in Sacramento City. Judgment went for plaintiffs, and defendant appeals from the judgment and from an order denying his motion for a new trial.

The motion for a new trial cannot be considered, though that question is not of much consequence here, because nearly all of appellant's points are made on the alleged insufficiency of the complaint. The notice of motion for a new trial does not state what it will be based on; that is, it does not state whether it would be made upon affidavits, minutes of the court, bill of exceptions, or statement, as required by section 659 of the Code of Civil Procedure. Respondents are not estopped from making this point because they presented amendments to a certain bill of exceptions proposed by appellant and took part in the settlement of said bill. Appellant had the right to a bill of exceptions to be used on his appeal from the judgment; and an objection by respondents that his notice of motion for a new trial was defective would not have affected his right to have the bill settled. He could have waived his motion for a new trial and still have been entitled to his bill of exceptions. If this contention of appellant were about a statement on motion for a new trial it would present a different aspect. The respondents moved in the court below that the motion for a new trial be dismissed for the defect in the notice above stated.

The only questions in the case arise upon the judgment-roll—that is, whether the complaint, to which no demurrer was interposed, is sufficient, after trial on the merits, to sustain the judgment, and whether the judgment grants any unauthorized relief.

Where there has been no demurrer, and the case has been tried on its merits, an appellate court will not reverse a judgment for plaintiff on account of alleged deficiencies of the complaint, unless it entirely fails to state material facts necessary to constitute a cause of action. Merely defective or imperfect statements of

such facts will not warrant a reversal; they will be con-
sidered as cured by the verdict. (*Treanor* v. *Houghton*,
103 Cal. 53; *Schluter* v. *Harvey*, 65 Cal. 158; *Hallock*
v. *Jaudin*, 34 Cal. 167; 1 Chitty on Pleading, 673.) In
the case at bar appellant makes many objections to the
sufficiency of the complaint which we do not deem
called upon to notice in detail; it is enough to say that
the complaint as a whole states a cause of action upon
which respondents were entitled to the judgment ren-
dered. Indeed, it is not clear that any of the necessary
averments can be considered as defectively or imper-
fectly stated. In answer to appellant's leading points,
we may say that the complaint shows that the city
council or board of trustees *did* sufficiently determine
the work to be done so as to acquire jurisdiction; that
the work was sufficiently described in the resolutions
of intention; that it was *not* left to the discretion of
the superintendent of streets to determine how much
work was to be done, but that it was to be done in ac-
cordance with specifications prepared by the city sur-
veyor and filed with the board, upon which the bids
were made; that the posting of notice "at or near the
office door of the said board of trustees" is a sufficient
averment of a compliance with the provision of the
law requiring the notice to be posted "on or near the
council chamber door of said council"; and that
the substance of the warrants and the returns thereon
are sufficiently averred—at least, in the absence of a
demurrer and after trial, at which, it is presumed, all
essential facts were proven.

Six different causes of action, arising out of assess-
ment liens against six different lots belonging to appel-
lant, are united, each being stated in a separate count.
No objection is made that these different causes of action
are improperly united; but in the judgment the respond-
ents are given a statutory attorney's fee of fifteen dollras
for each of the said six causes of action. Appellant con-
tends that respondents are entitled under section 12 of
the act (Stats. 1885, p. 157), to only one attorney's fee

of fifteen dollars; and this contention must be sustained. The said section provides that "the contractor or his assignee may sue, in his own name, the owner of the land, lots, or portions of lots assessed . . . . ; and in all cases of recovery under the provisions of this act, the plaintiff shall recover the sum of fifteen dollars, in addition to the taxable costs, as attorney's fees." This clearly means a fifteen dollar attorney's fee for each action, no matter how many causes of action it may include. The consideration that, if respondents had brought six separate actions and had recovered judgment in each, the burden of the costs against appellant would have been heavier, does not change the plain language of the statute. A plaintiff may, perhaps, sometimes consider that if he should bring several actions instead of one, and should be defeated, the burden of costs against him would be heavier. At all events, under the language of the statute, if he brings only one action he can get only one attorney's fee. The judgment will, therefore, have to be modified in this respect.

The order denying the motion for a new trial is affirmed; and the cause is remanded with directions to the superior court to modify the judgment by striking out the words and figures, " and for fifteen dollars attorney's fees," wherever they occur, except in the first subdivision of said judgment. The judgment as thus amended will stand affirmed.

TEMPLE, J., and HENSHAW, J., concurred.

Hearing in Bank denied.