### RIVERA ET AL. *v.* PÉREZ.

#### APPEAL from the District Court of Guayama.

No. 632.—Decided March 27, 1911.

APPEAL—EVIDENCE.—Should all the evidence taken in the lower court not be included in the statement of the case, either wholly or substantially, the court not having, for the purpose of determining the case, the same elements that served as ground to the lower court in rendering the judgment appealed from, the latter must be sustained.

NEW TRIAL—NOTICE OF MOTION THEREFOR.—A motion for a new trial cannot be considered if the mover has omitted to state in the notice of his intention to make it on what document he proposes to base the motion, namely, whether on affidavits, on the record of the trial, on the minutes of the court, bill of exceptions, or statement of the case.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for appellant.

*Messrs. Luis Muñoz Morales* and *José C. Ramos* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This was an action for the recovery of a rural property and for damages and losses. The complaint was originally filed in the Municipal Court of Guayama, where judgment was rendered against the plaintiffs. The plaintiffs appealed to the district court, where the case was tried *de novo*, and that

court likewise rendered judgment against the plaintiffs. A motion for a new trial was thereupon made and overruled by order of the court dated September 22, 1910. From this order and from the judgment rendered June 13, 1910, the present appeal was taken.

The plaintiffs alleged, briefly, that they are the owners of a certain rural estate consisting of 10 *cuerdas* of land situated in *barrio* Palmas, within the municipality of Guayama, the plaintiff, Rivera, having acquired the same by purchase from Marés Gonzáles brothers and others under a public deed executed April 17, 1910, and recorded in the registry of property, and the plaintiff, Martina de Santiago, by inheritance from her mother, Inéz Marés y González, her right also being recorded in the registry of property; that the defendant, Pedro Pérez, without any title whatsoever, took possession of the said property, cultivates the same and enjoys the products thereof, and possesses and retains the same against the wishes of the plaintiffs, and that the damages and losses occasioned to the plaintiffs by defendant amount to more than $200.

In his answer the defendant denied the truth of the facts set forth in the complaint and briefly alleged as new matter that he is the owner and has his right recorded in the registry of property of a rural estate composed of 135 *cuerdas* of land situated in *barrios* Carmen and Palmas, within the municipality of Guayama; that the property which plaintiffs allege belongs to them is not bounded on the north by the property of Sanguinetty, because that is one of the northern boundaries of defendant's property; that defendant and his predecessors in the ownership of the property, consisting of 135 *cuerdas,* as aforesaid, within the northern portion whereof the plaintiffs allege that their property of 10 *cuerdas* is situated, have been in possession thereof, as aforesaid, in good faith and with the proper title, for more than 10 years; that plaintiffs have never been in the possession of the rural estate

which they claim, and that neither they nor their predecessors have been absent from Porto Rico.

At the trial the plaintiffs introduced as evidence the deed of April 17, 1909, referred to in the complaint; the appointment of the plaintiff, Rivera, as defensor for the plaintiff, Martina de Santiago; the certificate issued by the secretary of the district court relative to the right of the plaintiff, Martina de Santiago y Marés, as an heir of Pedro Marés, and a deed of assignment of rights in the inheritance of Pedro Marés executed by Maximina Marés in favor of Adolfo Rivera before Notary Capó, on October 5, 1907.

In the statement of the case prepared for the purposes of the appeal the documentary evidence is only mentioned. The documents themselves are neither set out in full nor are the essential clauses thereof quoted. Nor does it appear from an examination of the whole transcript of the record that said documents have been included therein. In view of these facts, the appellants not having filed a complete transcript of the record which would permit this court to consider the case with the same evidence before it that served as the basis upon which the court below rendered the judgment appealed from, that judgment must be affirmed.

Notwithstanding the deficiency of the transcript we have carefully examined the legal questions raised by the parties and are convinced that the trial court has done full justice in this case. Even admitting that the documents introduced by the plaintiffs proved that they were entitled to the ownership of a certain property composed of 10 *cuerdas* of land, it is very doubtful whether they would show, when considered in relation to the other evidence, that the property claimed is the one at present in the possession of the defendant; and in case the conclusion were reached that the property of 10 *cuerdas* lay within the 135 *cuerdas* in the possession of defendant, the documentary and oral evidence introduced by

the defendant would show that he had acquired the ownership thereof by prescription.

We will now consider the appeal with reference to the motion for a new trial.

Judgment was rendered on June 13, 1910, and the plaintiffs, on June 21, 1910, served the following notice on the secretary and on the defendant:

"Please take notice that the plaintiffs in this case will file a motion in the district court for a new trial in the above-entitled action, based on new evidence discovered after the day on which judgment was rendered and which could not have been discovered before the trial notwithstanding the exercise of due diligence. This notice, which is also served upon the adverse party, is in accordance with the provisions of section 223 of the Code of Civil Procedure now in force."

Then the said plaintiffs, on June 29, 1910, filed the following motion:

"Now comes the plaintiff, through his counsel, and says: That he moves for a new trial in the above-entitled cause under the authority of sections 220 and 221, subdivision 3, of the Code of Civil Procedure now in force."

The foregoing motion, together with copies of three affidavits which were attached thereto, was served upon the defendant who, on July 1, 1910, through his counsel, filed a motion praying that the motion for a new trial be overruled, first, because the notice was not served in accordance with the law; second, because the motion for a new trial does not state the grounds upon which it is based; third, because although new evidence is offered, the importance of said evidence is not stated, nor in what consisted the diligence exercised to obtain the evidence before the trial; fourth, because the affidavits did not conform to the requirements of the law; fifth, because the new evidence offered is cumulative; and, sixth, because, even admitting as true the facts set forth in the

affidavits, their character is such that the result of the judgment rendered would not be changed thereby.

Upon considering the case the court, on September 22, 1910, held that it could not entertain the motion for a new trial.

It is quite clear that the appellants did not strictly comply in this case with the requirements of section 223 of the Code of Civil Procedure in omitting to state to the secretary and notify the adverse party whether their motion for a new trial would be made upon written sworn statements, or upon the record in the case, or the minutes of the record, or a bill of exceptions, or a statement of facts, and that consequently the decision of the district court refusing to consider the motion is sufficiently supported by strict construction of the law.

"A motion for a new trial cannot be considered when the notice of intention does not state what the motion will be based upon, whether upon affidavits, minutes of the court, bill of exceptions, or a statement of the case, as required by section 659 of the Code of Civil Procedure." (*Hughes* v. *Alsip,* 112 Cal., 587.)

"And where the notice of intention to move for a new trial does not state that the motion will be based upon affidavits, it is improper to file affidavits, and if filed, the same will be stricken from the records." (*Storer* v. *Heitfeld,* 17 Idaho, 114.)

Even had the motion for a new trial been considered, in deciding it upon its merits it would have been necessary to overrule it. We have carefully examined the affidavits and the testimony of the witnesses for the plaintiffs included in the statement of the case, and are entirely in accord with the contention of defendant that the evidence offered was merely cumulative and that if it had been introduced and admitted in evidence it would not have changed the result of the judgment rendered.

The order and judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Aldrey did not take part in the decision of this case.