## RIVERA ET AL. *v.* PÉREZ.

### APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 632.—Resuelto en marzo 27, 1911.

APELACIÓN—PRUEBAS.—Si todas las pruebas practicadas ante la corte inferior, no se hubieren incluído en la exposición del caso, ni total, ni substancialmente, no teniendo el tribunal, para juzgar el caso, los mismos elementos que sirvieran de base a la corte inferior para dictar la sentencia apelada, ésta debe ser confirmada.

NUEVO JUICIO—NOTIFICACIÓN DE SU PRESENTACIÓN.—Una moción de nuevo juicio no puede considerarse, si el promovente ha dejado de consignar, en la notificación de su intención de presentarla, en qué documentos habrá de fundar la moción, esto es, si en declaraciones juradas, en los autos del pleito, en las minutas de la corte, pliego de excepciones, o exposición del caso.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Domínguez Rubio.*

Abogados de los apelados: *Sres. Luis Muñoz Morales y José C. Ramos.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Este es un caso sobre reivindicación de finca rústica e indemnización por daños y perjuicios. La demanda se presentó originalmente en la Corte Municipal de Guayama dictándose sentencia en contra de los demandantes. Estos apelaron para ante la corte del distrito y celebrado el juicio *de novo,* la corte dictó sentencia también en contra de los demandantes. Solicitada la celebración de un nuevo juicio, se desestimó la petición por orden de 22 de septiembre de 1910. Contra esta orden y contra la sentencia dictada el 13 de junio de 1910, se interpuso el presente recurso de apelación.

Los demandantes alegaron, en resumen, que son dueños de cierta finca rústica de diez cuerdas de terreno, sita en el barrio de Palmas del municipio de Guayama, por haberla adquirido el demandante Rivera por compra a los hermanos Marés González y otros, hecha constar en escritura pública otorgada el 17 de abril de 1909 e inscrita en el registro de la

propiedad, y la demandante Martina de Santiago por heren-
cia de su madre Inés Marés y González, constando también
inscrito su derecho en el registro de la propiedad; que el de-
mandado Pedro Pérez, sin título alguno se apropió de la des-
crita finca, la cultiva y disfruta de sus productos, y la posee
y detenta contra la voluntad de los demandantes, y que los
daños y perjuicios que ha ocasionado el demandado a los de-
mandantes ascienden a más de doscientos dollars.

El demandado negó en su contestación la certeza de los
hechos consignados en la demanda y alegó, en resumen, como
materia nueva, que es dueño con su derecho inscrito en el
registro de la propiedad, de una finca rústica de 135 cuerdas
radicada en los barrios del Carmen y Palmas de la municipa-
lidad de Guayama; que la finca que los demandantes alegan
que les pertenece, no colinda por el Norte con Sanguinetty,
pues esta colindancia es una de las del Norte de la finca del
demandado; que el demandado y sus antecesores en el do-
minio de la finca de 135 cuerdas, dentro de la cual, en su extre-
mo Norte, alegan los demandantes que se encuentra la suya
de diez cuerdas, la han poseído con buena fe y justo título
por un período de más de diez años; que los demandantes nun-
ca han poseído el inmueble que reclaman, y que ni ellos, ni
sus causantes han estado ausentes de Puerto Rico.

En el acto del juicio, la parte demandante presentó como
pruebas, la escritura de 17 de abril de 1909 a que se refiere la
demanda; el nombramiento de defensor de la demandante
Martina de Santiago hecho a favor del otro demandante Ri-
vera; una certificación librada por el secretario de la corte de
distrito relativa al derecho de la demandante Martina de San-
tiago y Marés como heredera de Pedro Marés, y una escritura
de cesión de derechos a la herencia de Pedro Marés otorgada
por Máximina Marés a favor de Adolfo Rivera ante el Nota-
rio Capó el 5 de octubre de 1907.

En la exposición del caso preparada a los efectos de la
apelación, sólo se menciona la dicha prueba documental. Ni
se incluyen íntegros los documentos, ni siquiera se copian sus

cláusulas esenciales. Examinada la transcripción de los autos
en su totalidad, tampoco aparecen incluídos en forma alguna
los expresados documentos. En tal virtud, no habiendo los
apelantes presentado una transcripción completa que permita
a esta Corte Suprema juzgar el caso con los mismos elementos
que sirvieran de base al tribunal inferior para dictar la sen-
tencia apelada, ésta debe confirmarse.

No obstante lo defectuoso de la transcripción, hemos estu-
diado cuidadosamente las cuestiones legales suscitadas por
ambas partes y estamos convencidos de que se ha hecho por
la corte inferior cumplida justicia en este caso. Aun acep-
tando que los documentos presentados por los demandantes
probaran que ellos tenían derechos a la propiedad de cierta
finca de diez cuerdas, es muy dudoso que demostraran, apre-
ciados en relación con las otras pruebas, que tal finca está
actualmente en posesión del demandado, y en el caso de que
se llegara a la conclusión de que la finca de diez cuerdas es-
taba dentro de la de 135 poseída por el demandado, la prueba
documental y de testigos, aportada por éste, demostraría que
había adquirido el dominio sobre la misma por prescripción.

Examinemos la apelación en cuanto a la solicitud de nuevo
juicio.

Dictada sentencia el 13 de junio de 1910, los demandantes,
el 21 de junio de 1910, hicieron al secretario y al demandado
la siguiente notificación:

"Sírvase tener presente que el demandante en este caso, solici-
tará de la Hon. Corte de Distrito la concesión de un nuevo juicio, en
el pleito, arriba titulado, basado en nuevas pruebas que ha descu-
bierto con posterioridad a la fecha en que se dictó la sentencia y que
por más diligencias que se hicieran con anterioridad al día del juicio,
no pudieron ser descubiertas. Esta notificación que también se hace
a la parte contraria, se verifica de acuerdo con lo preceptuado en el
Artículo 223 del Código de Enjuiciamiento Civil vigente."

Luego los dichos demandantes, el 29 de junio de 1910, pre-
sentaron a la corte, la siguiente moción:

"Comparece el demandante y por su abogado expone: Que basado en los artículos 220 y 221, número 3 del Código de Enjuiciamiento Civil vigente, solicita la concesión de un nuevo juicio en el asunto arriba titulado."

La anterior moción, con copia de tres *affidavits* que se unieron a la misma, se notificó al demandado, quien por medio de su abogado, el 1°. de julio de 1910, presentó una moción para que se rechazara la solicitud de nuevo juicio, 1°. porque la notificación no se hizo de acuerdo con la ley; 2°. porque la moción de nuevo juicio no expresa los fundamentos por los cuales se solicita la concesión; 3°. porque si se trata de nuevas pruebas, no se expresa la importancia de éstas, ni en qué consistió la diligencia empleada para obtenerlas antes del juicio; 4°. porque los *affidavits* no se ajustan a la ley; 5°. porque la nueva evidencia que se ofrece es acumulativa; y 6°. porque, aun aceptando como ciertos los hechos consignados en los *affidavits*, son de índole tal que no variarían el fallo dictado.

Considerado el caso, la corte en 22 de septiembre de 1910, resolvió no haber lugar a tomar en consideración la moción de nuevo juicio.

Es bien claro que los apelantes no cumplieron estrictamente en este caso con los requisitos exigidos por el artículo 223 del Código de Enjuiciamiento Civil, al no manifestar al Secretario y no notificar a la parte contraria si su moción de nuevo juicio se haría mediante declaraciones escritas y juradas, o fundándose en los autos y legajos del pleito, o en las minutas de la corte, o en un pliego de excepciones, o en una exposición del caso, y que en su consecuencia la resolución de la corte de distrito negándose a considerar tal moción, está fundada suficientemente en una interpretación estricta de la ley.

"Una moción para nuevo juicio no puede considerarse cuando la notificación de la intención de presentarla no consigna en qué se basará la moción, si en *affidavits*, minutas de la corte, pliego de excepciones, o exposición del caso, como

requiere la sección 650 del Código de Enjuiciamiento Civil." (112 Cal., 587.)

"Pero cuando la notificación de la intención de solicitar un nuevo juicio, no establece que la moción se basará sobre *affidavits,* es impropio presentar *affidavits,* y si se presentan los mismos deben excluirse del récord." (*Storer* v. *Heitfeld,* 17 Idaho, 114.)

Aún cuando la solicitud de nuevo juicio se hubiera considerado, al resolverla por sus méritos, procedería declararla sin lugar. Hemos examinado cuidadosamente los *affidavits* y la prueba testifical de los demandantes incluída en la exposición del caso, y estamos enteramente conformes con el demandado en que la evidencia que se ofrecía era meramente acumulativa y en que de haberse presentado y admitido no hubiera variado la sentencia dictada.

La orden y sentencia recurridas deben confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Wolf.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.