[S. F. No. 6549. In Bank—June 2, 1913.]

REALTY CONSTRUCTION AND MORTGAGE COMPANY (a Corporation), and TITLE INSURANCE AND TRUST COMPANY (a Corporation), Petitioners, v. SUPERIOR COURT OF THE COUNTY OF SAN JOAQUIN, STATE OF CALIFORNIA, and J. A. PLUMMER, a Judge Thereof, Respondents.

STREET ASSESSMENT—SEPARATE ACTIONS OF FORECLOSURE AS TO EACH LOT ASSESSED—DEFENDANT OWNING SEVERAL LOTS.—Under the Street Improvement Act commonly called The Vrooman Act (Stats. 1885, p. 147), a separate cause of action for the foreclosure of the lien of an assessment for street work accrues as to each lot of land separately assessed under a single contract and assessment, notwithstanding the same person may own two or more of such lots.

ID.—JOINDER OF CAUSES OF ACTION—SEPARATE ACTIONS FOR EACH ASSESSMENT.—While a plaintiff may unite such causes of action in one complaint, and is expressly authorized to do so by subdivision 8 of section 427 of the Code of Civil Procedure, he is not required to do so, and a defendant cannot complain if the plaintiff brings a separate action as to each cause of action.

ID.—CONSOLIDATION OF ACTIONS—STATUTE AUTHORIZING NOT MANDATORY.—Section 1048 of the Code of Civil Procedure, providing that "whenever two or more actions are pending at one time between the same parties and in the same court, upon causes of action which might have been joined, the court may order the actions to be consolidated," simply authorizes a court to consolidate such actions, when in its judgment, the interests of justice make it proper that a consolidation should be had. The word "may," as used in that section, is not to be construed as the equivalent to the word "must."

ID.—DISCRETION OF TRIAL COURT AS TO CONSOLIDATION.—Unless by statute consolidation is a matter of right, the trial court is vested with a discretion to consolidate or to refuse to do so, and the exercise of such discretion will not be reviewed except in a case of palpable abuse.

ID.—REFUSAL TO CONSOLIDATE ACTIONS—TRIAL OF ALL ACTIONS AT ONE TIME—DISCRETION NOT ABUSE—MANDAMUS.—Where several actions had been brought against the same defendant to foreclose the liens of a street assessment against separate lots of land owned by him, which had been separately assessed under a single contract and assessment, and the same were at issue and ready for trial, it cannot be held an abuse of discretion for the trial court to refuse to consolidate the actions and to pursue the plan of trying all of them at the same time, where it does not appear that anything would be saved to the parties by the consolidation, so far as the costs, expenses, and trouble of trial and entry of judgment are concerned; and *mandamus* will not lie to compel the consolidation.

ID.—EFFECT OF CONSOLIDATION—PLAINTIFF'S RIGHT TO COSTS AND ATTORNEY'S FEE.—The consolidation of such actions would not have the effect of depriving the plaintiff, in the event of a judgment in his favor, of the right to recover legal costs already paid by him in each action, or as to which his right had accrued, including the right to an attorney's fee of fifteen dollars for each action, as provided in section 12 of the Vrooman Act (Stats. 1885, p. 157).

ID.—ATTORNEYS' FEES RECOVERABLE FOR EACH ACTION COMMENCED—ACCRUAL OF RIGHT TO ATTORNEYS' FEES.—The plaintiff's right to the attorneys' fees provided by section 12 of the Vrooman Act accrued in each action upon the commencement thereof, payable, of course, only in the event of a recovery by him. The trial court was without discretionary power in regard to this allowance, and could not deprive the plaintiff of the right thereto by a consolidation of the actions.

APPLICATION for a Writ of Mandate directed to the Superior Court of San Joaquin County and to J. A. Plummer, a judge thereof.

The facts are stated in the opinion of the court.

Albert H. Elliot, and R. M. F. Soto, for Petitioners.

. Thomas S. Louttit, Clary & Louttit, and C. L. Neumiller, for Respondents.

ANGELLOTTI, J.—This is an original application to this court by petitioners for a peremptory writ of mandate re-

quiring the superior court of San Joaquin County to make orders consolidating certain actions for the foreclosure of street assessment liens pending in said superior court, in each of which actions petitioners and the West End Improvement Company, a corporation, are the defendants, and the Farmers and Merchants Bank of Stockton, a corporation, is the plaintiff. There are 254 such actions. The street work on account of which the alleged liens are sought to be enforced was done on nine separate streets in the city of Stockton. All of such work was done pursuant to one resolution of intention and one resolution ordering the work done, but the work on each of the nine streets was done under a separate and distinct contract awarded separately, and, of course, a separate and distinct assessment for the work was made and issued as to each street. A separate action was instituted as to each lot shown on the assessments and diagrams on which the assessment remained unpaid. All the complaints for work on each street are identical except as to the number of the lot sought to be charged with a street assessment lien, as given in the assessment, the amount of the assessment charged thereon, and sought to be enforced, and the description of the lot sought to be charged. It appears from the complaints in such actions that each of said lots was assessed as the property of unknown owners, as is permitted by section 8 of the so-called Vrooman Act [Stats. 1885, p. 154]. The answer filed by each of the defendants in each of said actions is identical with the answer filed in each of the other actions. The claim of petitioners is that all of such actions that are for work on any one street done under one contract on account of which a single assessment was issued, should be consolidated. There are five such actions for work on Baker Street, involving five separate lots. The claim is that these actions should be consolidated. And so with the actions as to the lots on each of the other streets. The result would be that the 254 actions would be so consolidated that we would have nine actions, each involving all the lots of petitioners charged with liability for work on a single street. Motions for such consolidation were made in the superior court and denied. The lower court, however, did order that all such actions for work on any one street should be tried at the same time, the same being united solely for purposes of trial and the taking of testimony.

CLXV Cal.—35

It has never been doubted that under such circumstances as here appear, there is a separate cause of action as to each lot of land separately assessed under a single contract and assessment, notwithstanding that the same person may own two or more of such lots. We do not understand that it is claimed by petitioners that there is not a separate cause of action as to each lot. There is no personal liability on the part of any owner of the land by reason of the assessment, but simply a separate lien on each lot of land for the particular amount assessed thereon, and no lot is liable for any part of the assessment on any other lot, even though the same person is the owner of both lots. The utmost that has been held in any of the cases cited is that the different causes of action may be united in the same complaint, where the different liens are created by a single assessment, the court in each case recognizing that there was a separate cause of action as to each lot. (See *Hughes* v. *Alsip,* 112 Cal. 587, [44 Pac. 1027]; *McCaleb* v. *Dreyfus,* 156 Cal. 204, 210, [103 Pac. 924]; *Barber Asphalt Paving Co.* v. *Crist,* 21 Cal. App. 1, [130 Pac. 435].) It is settled by the cases cited that a plaintiff *may* unite such causes of action in one complaint, and it may be conceded that such practice is expressly authorized by subdivision 8 of section 427 of the Code of Civil Procedure. But the fact that a plaintiff is simply authorized to unite different causes of action in a single complaint, does not require him to do so. The right of joinder is a right that he may exercise at his option, and a defendant has no legal ground of complaint if the plaintiff brings a separate action as to each cause of action.

The statutory provision relative to consolidation of actions which is pertinent here is section 1048 of the Code of Civil Procedure, which provides: "Whenever two or more actions are pending at one time between the same parties and in the same court, upon causes of action which might have been joined, the court may order the actions to be consolidated." There is no warrant for construing this section as requiring a consolidation simply because the causes of action might have been joined; in other words, there is no warrant for reading the word "may," contained therein, as equivalent to the word "must," as is true in some cases. The section simply expressly authorizes a court to consolidate cases involving causes of action which might have been joined, where, in its judg-

ment, the interests of justice make it proper that a consolidation should be had. It appears to be universally recognized that unless by statute consolidation is a matter of right, which is not the situation in this state, the trial court is vested with a discretion to consolidate or to refuse to do so, and that the exercise of such discretion will not be reviewed except in a case of palpable abuse. (See 8 Cyc. 593.)

We may concede here, merely for the purposes of a determination of this application, that the circumstances of a particular application may be such as to show that the trial court could not refuse to consolidate without being guilty of a clear abuse of discretion, and that in such a case *mandamus* would lie to compel the making of an order of consolidation. But we are of the opinion that we are not warranted in holding that any such clear abuse of discretion is shown in this matter. The cases are now at issue and ready for trial. So far as the cost, expense, and trouble of actual trial and entry of judgment are concerned, it is not made to appear that anything would be saved to the parties by a consolidation if the trial court pursues the plan indicated by its order of trying all the cases arising out of a single assessment at the same time.

The real object of the attempted consolidation appears to be to escape certain attorneys' fees provided for by statute, as well as other fees fixed by statute. The Vrooman Act (sec. 12, see Stats. 1885, p. 157) provides that "in all cases of recovery under the provisions of this act, the plaintiff shall recover the sum of fifteen dollars in addition to the taxable costs, as attorneys' fees." It is settled that this means a fifteen dollar attorney fee for *each action,* no matter how many causes of action it may include, and that "the consideration that" if a plaintiff who united several such causes of action in one complaint had brought a different action on each cause of action and recovered a judgment in each, he could have recovered fifteen dollars attorney fee in each, does not entitle him to fifteen dollars on each cause of action when he unites them in one complaint, in view of the plain language of the statute. (*Hughes* v. *Alsip,* 112 Cal. 587, [44 Pac. 1027]; *Mc-Caley* v. *Dreyfus,* 156 Cal. 204, 210, [103 Pac. 924].) The theory of learned counsel for petitioners appears to be that if the orders of consolidation be made as asked, the effect will be the same as if all the actions had been originally embraced

in nine actions instead of 254 actions, with the result not only that only one fifteen dollar attorney fee could be allowed in each consolidated action, but also that only one clerk's fee, which of course has already been paid by plaintiff in each action for all service to and including judgment, could be allowed in each consolidated action. Of course, this result would not follow a consolidation made by the court in so far as legal fees already properly expended by plaintiff are concerned. And we are of the opinion that such result would not follow as to attorneys' fees under such circumstances. In our judgment, the right to this fee accrues upon the commencement of the action, payable of course only in the event of recovery. The statute provides, in addition to what we have already stated, as follows: "And when suit has been brought, after a personal demand has been made and a refusal to pay such assessment so demanded, the plaintiff shall also be entitled to have and recover said sum of fifteen dollars as attorneys' fees, in addition to all taxable costs, notwithstanding that the suit may be settled or a tender may be made before a recovery in said action, and he may have judgment therefor." While the effect of a consolidation of actions is that for the purposes of all further proceedings, such as trial, etc., the cases are to be treated as if all the causes of action had been united originally, we are entirely satisfied that the consolidation should not be held to have the effect of depriving a party of his right to recover legal costs already paid, or as to which the right of the plaintiff had accrued. Such we believe to be the situation as to the attorney fee provided for in such cases as these. The fee is one fixed by statute, and the trial court is entirely without discretionary power in regard thereto. The plaintiff is entitled to it as matter of right under the terms of the statute, in any action properly instituted by him, in the event that he ultimately recovers therein. In the cases involved here, the plaintiff had the absolute legal right to commence a separate action on each cause of action, with the result that, under the express terms of the statute, he became entitled to a fifteen dollar attorney fee in each, in the event of recovery. We are satisfied that the trial court could not impair this right by any order of consolidation, any more than it could impair it without a consolidation. In view of what we have said, the matter of attorney fees and the mat-

ter of clerk's fees to and including the entry of judgment appear to be entirely immaterial in determining the question whether or not the actions should be consolidated. This being the situation, it seems clear that it should not be held that there was any abuse of discretion on the part of the trial court in denying the applications for consolidation.

The application for a peremptory writ of mandate is denied.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.