[No. 2170]

## JOHN SAVAL, APPELLANT, *v.* PHIL BLUME, RESPONDENT.

[168 Pac. 909]

1. APPEAL AND ERROR — ORDERS APPEALABLE — REFUSING TO HEAR MOTION FOR NEW TRIAL.

Under Rev. Laws, 5329, providing that appeal may be taken from any special order made after final judgment, an order refusing to hear a motion for a new trial is appealable.

2. NEW TRIAL—MOTIONS—REQUISITES AND SUFFICIENCY.

Rev. Laws, 5323, provides the party intending to move for a new trial must, within five days after any verdict, or within ten days after a decision of the court or referee, file with the clerk, and serve upon the adverse party, a notice of his intention, designating the grounds upon which the motion will be made and whether upon affidavits or upon the minutes. Section 5320 provides that the former verdict or other decision may be vacated, and a new trial granted, for "insufficiency of the evidence to justify a verdict or other decision, or that it is against law." Section 5321 provides that in an application for a new trial it shall be sufficient to state one or more grounds as specified in the preceding section, provided that, when the application is made upon subdivisions 1, 2, 3, or 4 of the preceding section, it must be supported by affidavit. In all other cases it must be made upon the minutes of the court. *Held* that, as motion for a new trial for insufficiency of evidence can be made only on the minutes of the court, a motion for new trial "on the ground of insufficiency of the evidence to justify the decision, judgment, and findings of fact and conclusions of law" is sufficient, although it failed to state that the motion would be made on the minutes of the court.

APPEAL from Sixth Judicial District Court, Humboldt County; *E. E. Winters,* Judge.

Action by John Saval against Phil Blume. From order refusing to hear motion for new trial, plaintiff appeals. **Reversed and remanded.**

*Salter & Robins,* for Appellant:

This is an appeal from an order of the district court refusing to hear plaintiff's motion for a new trial for the reason that the notice of intention to move for a new trial was void. The notice of intention was regular in all respects, except that it did not state that the motion would be made "upon the minutes of the court." Under our statutes, this defect is extremely technical, and not

in any way calculated to mislead the defendant. If an appellant wishes to move for a new trial upon the ground of "insufficiency of the evidence," his motion "must be made upon the minutes of the court," and not otherwise; there is no other way. Such an expression in a notice of intention under the laws of the State of Nevada is mere surplusage. (Rev. Laws, 2321; 36 Cyc. 1158; 29 Cyc. 937.)

Opposing counsel admit that we are entitled to be heard, and suggest relief by way of writ of mandate. Such would not be the proper remedy. (Rev. Laws, 5696; *Floral Springs* v. *Rives*, 14 Nev. 431; *State* v. *Boerlin*, 30 Nev. 474; *State* v. *Board*, 32 Nev. 263; *State* v. *Langan*, 91 Pac. 737; *State* v. *Curler*, 4 Nev. 445.)

*T. A. Brandon*, for Respondent:

Appellant has no remedy by appeal; his remedy is by *mandamus*. Even admitting the right of appeal, the ruling of the lower court should be sustained. The fact that the lower court refused to act for the reason that the notice of intention was fatally defective, the court believed itself without jurisdiction in the matter. Under the circumstances, *mandamus* is the proper remedy. (*Floral Springs W. Co.* v. *Rives*, 14 Nev. 431.)

The notice was fatally defective. The statute provides what the intention to move for a new trial must contain, and the language is mandatory. (Rev. Laws, 5323.) This statute was adopted from other states, which have declared its provisions to be mandatory, the construction being adopted with the statute. (*Hughes* v. *Alsip*, 44 Pac. 1027.) "When a statute is passed authorizing a proceeding which was not allowed by the general law before, and directing the mode in which an act shall be done, the mode pointed out must be strictly construed." (Lewis, Sutherland, Stat. Const., vol. 2, 2d ed. p. 1135.)

Appellant must elect to stand on the original or the amended notice of motion. He unquestionably elected to stand on the amended notice. The amended notice was filed long after the waiver of written notice of the decision, which waiver was at the time appellant attempted

to file his first so-called notice of intention, and therefore the amended notice of intention came too late. (*Cooney* v. *Furlong*, 6 Pac. 388; *State* v. *Mason*, 45 Pac. 557.)

By the Court, MCCARRAN, C. J.:

This is an appeal from an order refusing to hear a motion for a new trial. Respondent contends that an appeal from such an order will not lie. Hence we are called upon primarily to determine that question.

Section 5329, Revised Laws (section 387, C. P.), provides:

"An appeal may be taken: * * * (2) * * * From any special order made after final judgment, within sixty days after the order is made and entered in the minutes of the court."

Respondent contends that that is not an appeal from an order of any kind; that no order was made by the lower court; that all that the lower court did was to refuse to act. The order of the trial court was one sustaining respondent's objection on the ground "that no notice thereof was given as prescribed by law."

1. The motion for a new trial was a necessary step in the proceeding in order to have the court of review pass upon the question of the sufficiency of the evidence to sustain the judgment. Respondent objected to the hearing of appellant's motion for a new trial. The court, pursuant to the objection of respondent, entered an order refusing to hear appellant's motion. This was a special order made after final judgment (*Central Telephone Co.* v. *Holmes*, 30 Nev. 440, 97 Pac. 390); hence under the statute it was one from which an appeal to this court will lie.

2. Did the trial court err in its order refusing to hear the appellant's motion for a new trial? The notice of motion filed and served by appellant was in part as follows:

"You and each of you will please take notice that the plaintiff in the above-entitled action intends to and will move the above court to set aside and vacate the judgment, decision, and finding hereinbefore made in said

cause, and to grant a new trial herein, and on the ground of the insufficiency of the evidence to justify the decision, judgment, and findings of fact and conclusions of law made, entered, and filed herein."

An amendment to this notice was later filed. Respondent, through his attorneys, objected to the hearing, argument, and submission of plaintiff's motion for a new trial, the principal ground of objection being that inasmuch as the notice of motion for new trial failed to set forth that the motion would be based upon the minutes of the court, it was therefore defective and could not be considered by the court. We shall deal entirely with the motion for a new trial as originally made, disregarding all of the matters pertaining to the amendment.

Section 5323, Revised Laws, provides:

"The party intending to move for a new trial must, within five days after the verdict of the jury, if the action was tried by jury, or within ten days after notice of the decision of the court, or referee, if the action was tried without a jury, file with the clerk, and serve upon the adverse party, a notice of his intention, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or upon the minutes of the court."

Appellant moved for a new trial "on the ground of the insufficiency of the evidence to justify the decision." The lower court held this notice insufficient, inasmuch as it failed to state that the motion would be made upon the minutes of the court.

Section 5320, Revised Laws (sec. 378, C. P.), provides:

"The former verdict or other decision may be vacated, and a new trial granted on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: * * * (6) Insufficiency of the evidence to justify a verdict or other decision, or that it is against law."

The next succeeding section (section 5321, Rev. Laws; section 379, C. P.), provides:

"In an application for a new trial, it shall be sufficient

for the party applying for the same to state, in the language of the statute only, or in language of similar import, one or more grounds as specified in the preceding section; *provided*, that when the application is made upon subdivisions 1, 2, 3, or 4 of the preceding section, it must be supported by affidavit. In all other cases it must be made on the minutes of the court without statement or bill of exceptions.  *  *  *  On such hearing, reference may be had in all cases to the pleadings and the orders of the court, and, when the motion is made on the minutes, reference may also be had to the depositions, documentary evidence, and the stenographic notes or report of the testimony, and the records of the court."

Under this statute a motion for a new trial, when based on subdivision 6 of the preceding section—"insufficiency of the evidence to justify a verdict or other decision," etc.—can only be made upon the minutes of the court. The statute by its language thus limits the scope of inquiry, and a motion for a new trial based upon subdivision 6 gives notice by and through the force of the statute that the applicant relies upon the minutes of the court only. Thus it may be properly said that as the statute fixes without alternative the basis of the motion when the same is made under subdivision 6 of section 5320 and limits the scope of inquiry to specific matters and things, a notice of motion for a new trial made under subdivision 6 which declared that such motion would be made "on the minutes of the court" would only be repeating the language of the statute. The object of statutes such as this is to apprise the opposite party of the proceeding, its nature and scope of inquiry, and to afford opportunity for the trial court to review its acts and conclusions in order to correct error. When the scope of inquiry is definitely prescribed by the statute, there can be nothing accomplished, either by way of giving notice or of fixing the scope of inquiry, by repeating the language which the law itself sets forth.

The provisions of our civil practice act referred to in

the matter at bar are the results of amendments and changes in the earlier practice act of this state relative to new trials. In article 2 of the practice act established by the legislature of 1869 (Stats. 1869, p. 226) we find section 195 of that act identical in its language and provisions to section 378 of our present code relative to the same subject. Section 196 of the act of 1869 was repealed, and is replaced by section 379 of our present practice act. The former section provided:

"When the application is made for a cause mentioned in the first, second, third, and fourth subdivisions of the last section, it shall be made upon affidavit; for any other cause it shall be made upon a statement prepared, as provided in the next section."

Hence it follows that, under section 196 of the former practice act, the party moving for a new trial, if he relied upon subdivision 6—insufficiency of the evidence to justify the verdict or other decision, or that it is against law—was required to prepare a statement, and section 197 of that act provided that:

"When the notice designates as the ground upon which the motion will be made the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient."

This court in passing upon the identical question here presented, and viewing the same in the light of the practice act of 1869, held that a notice of intention to move for a new trial must be based upon one or more of the grounds mentioned in section 195, and the grounds relied upon must be generally stated in the notice. In this respect the court held the statute to be mandatory rather than directory. (*Street* v. *Lemon Mill Co.*, 9 Nev. 251.) Were it not for the change in the statutory provisions relative to motions for a new trial, the case last cited would be controlling, but section 379 of our present practice act, evidently enacted for the purpose of doing away with the provisions of sections 196 and 197 of the former act providing for statement specifying

the particulars in which such evidence is alleged to be insufficient, expressly declares that the motion if based upon the insufficiency of the evidence "must be made upon the minutes of the court without statement or bill of exceptions." Hence by our present statute no particularity is required such as that contemplated by the former practice act.

In the case of *Hughes* v. *Alsip,* 112 Cal. 587, 44 Pac. 1027, the Supreme Court of California determined the question here at bar in the light of a statutory provision somewhat similiar to those of our former practice act. The code there states:

"When the application is made for a cause mentioned in the first, second, third, and fourth subdivisions of the last section, it must be made upon affidavits; for any other cause it may be made, at the option of the moving party, either upon the minutes of the court, or a bill of exceptions, or a statement of the case, prepared as hereinafter provided." (Section 658, C. C. P. Cal. 1899.)

Under this statute of California, when the motion for a new trial is based upon insufficiency of the evidence, that being subdivision 6 of a preceding section, the movant may exercise his option and may base his claim for new trial either upon the minutes of the court, a bill of exceptions, or a statement of the case. The supreme court, in considering the question, held that inasmuch as the motion for a new trial did not state upon what the motion was based, that is, did not state whether it would be made upon affidavits, minutes of the court, bill of exceptions or statement, as required by the section of the statute, therefore the motion for a new trial could not be considered.

A code of Montana applicable to new trials, identical to that found in California, was passed upon in the case of *Gregg* v. *Garrett,* 13 Mont. 10, 31 Pac. 721. There the court held that a notice which did not set forth the basis upon which plaintiff proposed to present the motion for a new trial was incomplete and defective. The court said:

"The reason and importance of this requirement are apparent. Both parties have a right to know upon what papers the motion will be presented, and to participate in preparing the record, if the same has not already been made up by way of bill of exceptions."

These decisions last cited are in line with the decision of this court in the case of *Street* v. *Lemon Mill Co., supra.*

By reason of the change in our statutory provision relative to new trials, as found in section 379 of our present civil practice act, a question is presented altogether different from that considered by the courts in either of the decisions heretofore referred to. By the provision of our present code, the movant in an application for a new trial, where he relies upon insufficiency of the evidence, has no option; he is limited, as is the whole scope of the inquiry, to the minutes of the court. These he must rely on "without statement or bill of exceptions." Where, under sections 5320 and 5321, a party moves for a new trial on the ground of insufficiency of the evidence, the opposite party is at once notified by the express language of the statute as to the specific grounds upon which the movant relies and as to the scope and extent of the inquiry, and as to the basis upon which the movant proposes to present his motion for a new trial. In contemplation of this the statute itself expressly names upon what papers and things the motion will be based and presented. In other words, it is made manifest to both parties by the plain, unequivocal language of the statute that inasmuch as the moving party relies upon insufficiency of evidence alone on the hearing—

"reference may be had　＊　＊　＊　to the pleadings and the orders of the court,　＊　＊　＊　to the depositions, documentary evidence, and the stenographic notes or report of the testimony and the records of the court."

A notice that a movant will rely upon matters and things to which by express statutory provision he is limited and to other than which he, by reason of the

nature of his motion, cannot refer, would avail nothing, nor would the absence of such matter in a notice put the opposite party to any disadvantage or deprive him of any right. The emphatic, specific, limiting language of the statute is the best notice that could be given.

In view of the express language of the statute limiting and fixing the basis and scope of the inquiry where the motion is on the ground of insufficient evidence, the provision of section 5323, if it refers at all to a motion made on such ground, is, as we have indicated, not essential or necessary to the validity of the proceeding, hence we regard the language as directory only. (36 Cyc. 1157.)

The motion for a new trial made by appellant in the court below should have been considered by that court.

The order appealed from is reversed. The cause is remanded.