[Civ. No. 15159.  Second Dist., Div. Two.  Dec. 7, 1945.]

M. M. MILSTEIN, Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY et al., Respondents.

Joe Wapner for Petitioner.

Don R. Holt for Respondents.

MOORE, P. J.—Petitioner seeks by writ of mandate to compel the superior court to vacate an order staying execution after his ineffectual attempt to induce the court to set it aside. His contention is that the court had no jurisdiction to make the order complained of. He had procured the execution to be issued pursuant to section 685, Code of Civil Procedure,* which requires the judgment creditor to accompany his application for an order to enforce a judgment more than five years after its entry with an affidavit setting forth the reasons

---

*In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion. . . .

for his failure to proceed prior to the expiration of the five years. The court may grant or deny the application in the exercise of a sound discretion.

On August 7, 1945, petitioner, as assignee of the judgment, served notice on defendant that on August 20th he would move the court for the order. Three days thereafter defendant's counsel in the city of Eureka telephoned petitioner's counsel in Ventura that the defendant had received the affidavit and notice and requested further information, to which petitioner replied. On August 20th petitioner appeared before respondent court and presented his motion for the order which was granted and execution was issued directed to the sheriff of Humboldt County. On August 27th defendant's counsel at Eureka stated that he thought the matter might be compromised and requested petitioner's counsel to do nothing further with reference to the levy. On September 19th petitioner's counsel was served with a notice of defendant's motion through her Eureka counsel, joined by attorney Don R. Holt of Ventura, to set aside the order of August 20th on the ground of the insufficiency of the motion and of the affidavit on which it was predicated. At the same time petitioner's counsel was served with a copy of the order issued by the Honorable Louis C. Drapeau, judge of respondent court, staying the execution issued on August 20th until after the decision on defendant's motion to set aside the order directing its issuance.

Thereafter on October 1, the time designated in defendant's notice of motion to set aside the order of August 20th, petitioner appeared before respondent court for a hearing upon that motion. After ascertaining that defendant would require several hours to present his application Judge Drapeau fixed the date for the hearing of her motion for January 7, 1946. Thereupon petitioner's counsel moved the court to dissolve the order staying the execution, which motion was by the court denied.

In their return respondents contend that petitioner's affidavit for the order of August 20th was defective and insufficient in many specified respects; that the court has power temporarily to stay executions on its judgments whenever it is necessary to accomplish the ends of justice (citing 33 C.J.S. 312); that the exercise of its discretion will not be controlled by mandate except in case of palpable abuse (citing *Realty Const. & M. Co.* v. *Superior Court,* 165 Cal. 543 [132

P. 1048] ) ; and that she was not served with notice of petitioner's motion for the order of August 20th.

These contentions and all of the recitals pertaining thereto would have been pertinent at the hearing of August 20th or on an appeal from the order of that date. However, the ex parte order of September 19 staying the execution and the subsequent order of October 1, together with the order fixing January 7, 1946, as the date for the trial of defendant's motion, constitute an unauthorized attempt to nullify the order of August 20th. The latter was a valid order, made after notice and hearing. No appeal having been taken therefrom and no stay bond having been filed, the court was powerless to stay the enforcement of the execution issued pursuant thereto for a period longer than 30 days. (Code Civ. Proc., § 681a.)

In appropriate proceedings respondent might have urged the contentions she makes here but they are unavailing in this proceeding to test the efficacy of section 681a.

It is therefore ordered that the peremptory writ of mandate be forthwith issued.

McComb, J., and Wilson J., concurred.