### DAVID KIMBALL vs. DANIEL G. ROWLAND.

Under the Rev. Sts. c. 60, § 26, fourteen days' notice to quit for nonpayment of rent due
on a lease at will entitles the landlord to maintain an action on the Rev. Sts. c. 104, to
recover possession of the premises, without proof of a demand of the rent when it
fell due.

The landlord's right to commence, on the expiration of a notice to quit for nonpayment
of rent, an action on the Rev. Sts. c. 104, to recover possession of premises leased at
will, is not barred by payment of the rent on the day after the giving of the notice,
though before the commencement of the action, if the landlord, when receiving pay-
ment, expressly reserves his rights under the notice.

ACTION on the Rev. Sts. c. 104 to recover possession of prem-
ises of which the defendant was tenant at will, at a rent payable
quarterly. Writ dated July 22d 1853. The parties submitted
the case to the decision of the court upon the following facts:

On the 1st of July 1853 a quarter's rent became due; no
demand was made on the defendant for its payment; but the
plaintiff, on the 5th of July, gave him notice to quit in fourteen
days for nonpayment of this rent.

On the 6th of July the defendant tendered the amount of the
rent to the plaintiff, who took it, and gave the defendant a
receipt therefor, in which he expressly reserved his claim to
possession of the premises under his notice; and the plaintiff
refused to give any other form of receipt.

*A. B. Ely*, for the plaintiff.

*H. Gray, Jr.* for the defendant. 1. A proceeding to enforce the
forfeiture of an estate for nonpayment of rent cannot be main-
tained without a previous demand of the rent on the day when
it falls due. Much greater strictness is required to support such
a proceeding, than to support an action for the rent. 1 Saund.
287, *note*. *Connor* v. *Bradley*, 1 How. 217. *Van Rensselaer*
v. *Jewett*, 2 Comst. 147. *M'Cormick* v. *Connell*, 6 S. & R.
151. *Bradstreet* v. *Clark*, 21 Pick. 396. Under the Rev. Sts.
c. 60, § 26, a tenant at will, until the expiration of the notice to
quit, has the possession and the right of possession, and has a
certain estate in the premises. *French* v. *Fuller*, 23 Pick. 107.

*Dickinson* v. *Goodspeed*, 8 Cush. 121. The very words in the statute—"neglect or refusal to pay"—of themselves imply, when speaking of a forfeiture, a previous demand. *Merrifield* v. *Cobleigh*, 4 Cush. 185.

2. The payment of the rent before the commencement of this action put an end to any right which the landlord may previously have had to enforce a forfeiture for its nonpayment. "As the main object of the statute apparently is, to secure and enforce the payment of rent, there is, perhaps, good ground to hold, that if the full amount of rent is tendered at any time before proceedings are commenced, under the landlord and tenant act, it is a good bar to such complaint." By Shaw, C. J., in *Tuttle* v. *Bean*, 13 Met. 278. The same principle is applied by this court to a writ of entry to enforce a forfeiture for a failure to pay rent according to the condition of a deed. *Atkins* v *Chilson*, 11 Met. 112.

SHAW, C. J. 1. At the common law, where the object is to enforce a forfeiture of a subsisting lease, for breach of condition in the nonpayment of rent, the rule is no doubt strict, requiring a demand of payment by the landlord, at the day. But the direct object of the Rev. Sts. *c.* 60, § 26, seems to be, not to enforce a forfeiture, but to enable a landlord to determine a tenancy at will, which, at the common law, was determinable at the will of either party. The words of the statute, after other modes provided for other cases, are: "And in all cases of neglect or refusal to pay the rent due on a lease at will, fourteen days' notice to quit shall be sufficient."

When the words "neglect" and "refusal" are used in reference to the payment of money, we understand the meaning to be, that refusal is a failure to pay money when demanded; neglect is the failure to pay money which the party is bound to pay without demand. The difference in the meaning of these terms in *Merrifield* v. *Cobleigh*, 4 Cush. 178, arose from the difference of the subject matter. There it was held that a grantee was not bound to rebuild a decayed fence, for the benefit of the grantor, without notice or request from the grantor

and therefore there was no such neglect as would work a for-feiture, within the terms of the condition.

But in the present case, the lessee at will was bound to pay his rent at the day, without demand ; his failure to do so was a neglect to pay the rent due ; and this gave the plaintiff a right to terminate the tenancy at will by fourteen days' notice ; and notice was given on that ground. His right to the possession, and to the aid of this summary process, was fixed by that notice.

2. And the receipt of the money due for rent, after such notice given, will not necessarily operate as a waiver of that right, if the landlord, at the time of receiving such rent, gives notice that he does not thereby intend to waive his right to terminate his lease, or revoke his notice.

If the landlord received such rent without protest, or notice of any sort, it might be inferred, from his silent acceptance of the rent in arrear, that, the cause of his notice being removed, it was his intent to revoke it, and waive his right to terminate his lease, as in *Tuttle* v. *Bean*, 13 Met. 275, and *Collins* v. *Canty*, 6 Cush. 415. But it is a presumption that may be rebutted, and the mere acceptance of rent, under a protest that he does not thereby waive, will not raise such presumption ; for the money is his due, and he has a right to receive it, without bar-ring his right to terminate the tenancy at will, which is the direct object of the suit. In *Tuttle* v. *Bean*, 13 Met. 278, an intimation was thrown out that perhaps a tender of the arrears, before proceedings commenced, might be a bar. But it was stated as an unsettled question, and the case was not decided on that ground. Here the payment was made after the notice given, but before other proceedings were commenced, and the payment was received by the plaintiff under a protest, not waiv-ing his right. *Judgment for the plaintiff.*