INHABITANTS OF CAPE ELIZABETH *vs.* ALBERT D. BOYD.

Cumberland.    Opinion March 26, 1894.

*Taxes.   Suit.   Written Directions.   R. S., c. 6, § 175.*

Taxes may be collected by an action of debt when the action is duly authorized in writing by the proper municipal officers.

A general direction to commence such actions against any and all tax-payers who refuse or fail to pay their taxes is not sufficient.

Each case should receive a separate consideration.

ON REPORT.

This was an appeal to the Superior Court, for Cumberland County, from the Municipal Court of Portland in a suit to recover taxes assessed upon defendant's poll and personal estate.

The defendant denied that the annual meeting at which the assessors were elected was legally warned, and that the written direction by the selectmen, under which the action was brought, was sufficient.    The first objection became immaterial and arguments relating to it are omitted.

The written direction to bring the suit is in the following form :

"Cape Elizabeth, August 3rd, 1890.

"We, the undersigned, Selectmen of the town of Cape Elizabeth, hereby direct Thomas B. Haskell to commence an action of debt in the name of the inhabitants of said town, against any and all tax-payers in said town for the year 1890, who shall refuse or fail to pay their taxes after reasonable demand and notice from him, as collector of taxes for said year.

M. J. Peables,        ⎞    Selectmen<br>
James H. Harford,    ⎬        of<br>
Geo. C. Mountfort,  ⎠ Cape Elizabeth."

*S. C. Strout,* and *W. R. Anthoine,* for plaintiff.

A direction to sue all delinquents, certainly includes a direction to sue each one.    The law does not require useless acts.    If it was desired to sue several non-payers, no one would question that a written direction to sue the delinquents, calling each by name, in the same paper, would be good.    And if, instead of

this recital of names, the direction is to sue all delinquents, that is equivalent to reciting the name of each. It must be remembered the provision requiring this direction is for the protection of the town, against possible bad judgment of the collector in bringing suits. It is in no sense for the benefit of the tax-payer. Suit is less onerous to him than arrest or seizure of property under the collector's warrant. In a suit he can defend against the tax, if illegal, but this would be cut off if the collector distrained.

Actions of this kind should be favored as a convenient mode of collecting taxes, and affording greater protection to the tax-payer than he can possibly have under the distraint or arrest allowed by the collector's warrant. That this is the view of this court appears in *Norridgewock* v. *Walker*, 71 Maine, 181; *Cressey* v. *Parks*, 76 Maine, 534; *Bath* v. *Whitmore*, 79 Maine, 186; *Lord* v. *Parker*, 83 Maine, 530.

*C. P. Mattocks* and *L. Barton*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WALTON, J. In addition to the other provisions for the collection of taxes legally assessed, the mayor and treasurer of any city, the selectmen of any town, and the assessors of any plantation, to which a tax is due, may in writing direct an action of debt to be commenced in the name of such city, or of the inhabitants of such town or plantation, against the party liable. R. S., c. 6, § 175.

The question is whether a general direction by the selectmen of a town to a tax-collector to commence actions against "any and all tax-payers" who "refuse or fail" to pay their taxes, is a compliance with this statute. We think not. The power conferred by this statute requires an exercise of judgment and discretion. A refusal to pay a tax is one thing. A failure to pay is another. The former may be the result of wilfulness or a denial of the legality of the tax. The latter may be the result of sickness and poverty and an utter inability to pay. In the former case, an action may be expedient. In the latter, inex-

pedient. It is plain, therefore, that judgment and discretion are to be exercised in determining whether or not an action shall be commenced. And it is a familiar and well settled rule of law that when judgment and discretion are to be exercised, they must be exercised by the persons on whom the law has placed the power and authority to act. Their exercise can not be transferred to another. Such powers are incapable of delegation. 1 Dill. Mun. Corp. § 60, and cases there cited.

The plain meaning of the statute is that no action shall be commenced to collect a tax, unless its commencement is directed by some one of the boards of officers named, in writing. An oral direction will not be sufficient. When, in any case, an authority is required to be conferred in writing, an oral authority will not be sufficient. Such a requirement is calculated to avoid a dispute respecting the fact, and to protect towns against hasty and inconsiderate action by their selectmen. So held in *Morrill* v. *Dixfield*, 30 Maine, 157.

And each suit should receive a separate consideration. A general direction to the tax collector to commence actions against any and all tax-payers who refuse or fail to pay their taxes, is not sufficient. It is not sufficiently specific. It practically transfers to the collector the power to determine whether or not any particular action shall be commenced; and this the law will not allow.

For these reasons, we hold the direction in this case insufficient, and the action improperly commenced.

*Judgment for defendant.*