[S. F. No. 9593. In Bank.—June 6, 1922.]

G. H. STOKES, Appellant, v. HENRIETTA P. WATKINSON, etc., Respondent.

[1] STREET LAW—STREET IMPROVEMENT ACT OF 1911—AMENDMENT OF 1915—ATTORNEY'S FEE.—Under the Street Improvement Act of 1911, as amended in 1915 (Stats. 1915, p. 1469), where personal demand for payment has been made and there has been a mere failure to pay, as distinguished from a refusal to pay, the amount of the attorney's fee is a matter for the discretion of the court; and where a number of separate suits have been brought to foreclose liens against different lots owned by the same party, which suits have been consolidated by order of court, plaintiff is not entitled to recover the statutory fee of fifteen dollars for each suit, but can recover only one fee, the amount of which is within the discretion of the court, where the evidence does not show that there was a refusal to pay, although there was a personal demand.

Validity of statutory provision for attorney's fees in prosecution involving collection of taxes or special assessments, note, 28 L. R. A. (N. S.) 1062.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

Faulkner & Faulkner for Appellant.

Wm. T. Kearney and Edward C. Harrison for Respondent.

WILBUR, J.—The plaintiff brought 331 separate suits for the foreclosure of assessments levied against 331 separate lots owned by the defendant's testator upon an assessment made by the street superintendent of the city of Richmond for the construction of sewers in said city, by which a separate amount was assessed against each lot as provided in the Street Improvement Act of 1911. This appeal by the plaintiff involves his right to a separate attorney's fee of $15 in 43 of these separate cases which were consolidated by the trial court. Before the trial the defendant offered to allow judgment for the full amount of the assessment but without costs or attorney's fees. Upon the refusal of this offer the defendant filed an answer attacking the validity of the assessment. The trial court rendered judgment in favor of the plaintiff for the foreclosure of the street assessment liens amounting to $15.08 on each lot and costs, but only allowed $25 as an attorney's fee, fixing the amount of sixty cents as the attorney's fee upon each separate action. Appellant contends that he should have been allowed $15 as attorney's fee in each of the actions so consolidated, making an aggregate attorney's fee therein of $645. The plaintiff bases his claim to an allowance upon section 27 of the Street Improvement Act of 1911 as amended in 1915 (Stats. 1915, p. 1469). This section authorizes the recovery of the unpaid assessment with interest at ten per cent per annum in a suit brought not less than thirty-five days after the date of the warrant. The provision with reference to attorney's fees is as follows: "And in all cases of recovery under the provisions of this act, where personal demand has been made upon the owner or his agent, but not otherwise, the plaintiff shall recover such sum as the court may fix, in addition to the taxable cost as attorney's

fees, but not any percentage upon said recovery. And when suit has been brought, after a personal demand has been made · and a refusal to pay such assessment so demanded, the plaintiff shall be entitled to have and recover the sum of fifteen dollars as attorney's fees, in addition to all taxable costs, notwithstanding that the suit may be settled or a tender may be made before a recovery in said action, and he may have judgment therefor."

This section also makes provision for the bringing of a single suit against the owner of a number of lots and for the consolidation of separate suits as follows: "It shall be competent to bring a single action under any such assessment irrespective of the number of lots assessed where the parties defendant are identical, and where separate actions are brought, the same may be consolidated by order of the court."

Upon a similar but not identical provision of the Vrooman Act (Stats. 1885, p. 147, sec. 12, amended Stats. 1889, p. 168, sec. 12) it was held in *Hughes* v. *Alsip,* 112 Cal. 587 [44 Pac. 1027], and *McCaleb* v. *Dreyfus,* 156 Cal. 204 [103 Pac. 924], that the plaintiff was entitled to only one attorney's fee where he included in one complaint several causes of action arising out of street assessment liens. In *Realty etc. Mtg. Co.* v. *Superior Court,* 164 Cal. 543 [132 Pac. 1048], it was held that the plaintiff could bring separate actions for each assessment and that he was entitled to $15 attorney's fee in each action under section 12 of the Vrooman Act and that a subsequent consolidation by the court of such actions would not deprive him of an attorney's fee in each separate action. In that regard the court stated as follows: "While the effect of a consolidation of actions is that for the purposes of all further proceedings, such as trial, etc., the cases are to be treated as if all the causes of action had been united originally, we are entirely satisfied that the consolidation should not be held to have the effect of depriving a party of his right to recover legal costs already paid, or as to which the right of the plaintiff had accrued. Such we believe to be the situation as to the attorney fee provided for in such cases as these. The fee is one fixed by statute, and the trial court is entirely without discretionary power in regard thereto. The plaintiff is entitled to it as matter of right under the terms of the statute,

in any action properly instituted by him, in the event that he ultimately recovers therein. In the cases involved here, the plaintiff had the absolute legal right to commence·a separate action on each cause of action, with the result that, under the express terms of the statute, he became entitled to a fifteen dollar attorney fee in each, in the event of recovery. We are satisfied that the trial court could not impair this right by any order of consolidation, any more than it could impair it without a consolidation.''

Section 12 of the Vrooman Act as originally enacted (Stats. 1885, pp. 147, 157) contained the following provision concerning attorney's fee: '' . . . and in all cases of recovery, under the provisions of this act, the plaintiff shall recover the sum of fifteen dollars, . . . '' That statute also authorized the street superintendent to receive the amount due on any assessment at any time and to give a good and sufficient discharge therefor, and enter a satisfaction of the lien upon the record of the assessment, providing, however, that after suit was brought to enforce the lien, the lien should not be discharged without the payment of plaintiff's costs (Stats. 1885, pp. 147, 156, sec. 10). Thus the defendant by payment before judgment could defeat the plaintiff's claim to attorney's fees.

As amended in 1889 (Stats. 1889, p. 168) section 12 provided as follows: ''And in all cases of recovery under the provisions of this act, the plaintiff shall recover the sum of fifteen dollars, in addition to the taxable cost, as attorney's fees, but not any percentage upon said recovery. And when suit has been brought, after a personal demand has been made and a refusal to pay such assessment so demanded, the plaintiff shall also be entitled to have and recover said sum of fifteen dollars as attorney's fees, in addition to all taxable costs, notwithstanding that the suit may be settled or a tender may be made before a recovery in said action, and he may have judgment therefor.'' It is to be observed that the $15 is to be recovered in every case where foreclosure is decreed. Such recovery is in the nature of a statutory penalty (*Engebretsen* v. *Gay*, 158 Cal. 30 [109 Pac. 879]). If, however, there had been a personal demand and a refusal to pay the assessment, then the sum of $15 was payable notwithstanding a settlement or a tender of payment.

The Street Improvement Act of 1911 as originally enacted (Stats. 1911, sec. 27, pp. 730, 746) and as amended in 1915 (Stats. 1915, sec. 27, p. 1469) is essentially different in that the latter act provides that the recovery of attorney's fees can only be had where there is a personal demand and shall be such sum as the court may fix. This statute, like the Vrooman Act, also provides that where there has been a personal demand *and a refusal* to pay the assessment so demanded the plaintiff shall be entitled to have and recover the sum of $15 as attorney's fees in addition to all taxable costs, etc. The attorney's fee is no longer fixed arbitrarily by the statute at $15 in every case but is within the discretion of the trial court and allowable only after personal demand. The court also has the discretion to consolidate separate actions for the collection of separate assessments as was done in this case. Thus by the terms of the Vrooman Act (section 12) the right to a separate attorney's fee upon each separate assessment to the same owner depended upon the election of the lien claimant either to set forth the several assessments in separate counts in a single complaint in which case he could recover but $15 attorney's fee, or to bring a separate action upon each count in which case he could recover $15 in each action. But under section 27 of the Street Improvement Act of 1911, *supra,* the court had power in the exercise of a sound discretion not only to consolidate all the separate cases but to fix a single attorney's fee in the consolidated action when and only when a personal demand had been made upon the owner. If the demand upon the owner for payment was met by a refusal the statute expressly provides that the attorney's fee accrued notwithstanding the suit may be settled or tender made before recovery.

Thus the statute makes a distinction between a personal demand and a failure to pay and a demand followed by a refusal to pay. As was said by the supreme court of Maine in the case of *Inhabitants of Cape Elizabeth* v. *Boyd,* 86 Me. 317 [29 Atl. 1062] : "A refusal to pay a tax is one thing. A failure to pay is another. The former may be the result of willfulness or a denial of the legality of the tax. The latter may be the result of sickness and poverty and an utter inability to pay. In the former case, an action may be expedient. In the latter, inexpedient." For some pur-

poses a failure to pay after demand is deemed equivalent
to a refusal (*Kimball* v. *Rowland,* 72 Mass. 224, 225), but
ordinarily a refusal means more than neglect, and is equiva-
lent to a denial of a demand (*Parish* v. *Wheeler,* 22 N. Y.
494, 514; *Bowen* v. *Young,* 75 N. Y. Supp. 1027, 1029;
*Burns et al.* v. *Fox,* 113 Ind. 205 [14 N. E. 541]; *Duffy* v.
*Edson,* 60 Neb. 812 [84 N. W. 264]; *Brooklyn Heights R.
Co.* v. *Brooklyn City R. Co.,* 93 N. Y. Supp. 849 [105 App.
Div. 88]; *People* v. *Perkins,* 85 Cal. 509 [26 Pac. 245]).

Under this statute the "refusal" which upon the bringing
of the action vests in the plaintiff a right to an attorney's
fee must be something more than a mere failure to pay
resulting from an inability or unwillingness to make the
payment. It must, in short, be a refusal to pay as dis-
tinguished from mere neglect. The lien is valid for two
years and the lien claimant is not compelled to bring his action
for two years. If the property holder intends to contest the
validity of the assessment and for that reason refuses to pay
the amount thereof, such refusal would necessitate the bring-
ing of a suit for foreclosure, but if the property holder merely
asks for time in which to secure the money with which to
pay the assessment, or promises in good faith to pay at
some future time, or merely fails to pay, there has been
no "refusal" within the meaning of the statute which
penalizes such refusal by making the attorney's fee accrue
at once upon the filing of the complaint. The statute per-
mitting the collection of the attorney's fee as a penalty for
nonpayment of tax, like all statutes imposing a tax, must
be strictly construed.

[1] In this case, if there was a personal demand without
a refusal to pay, the statute provides that the court shall
fix the attorney's fee and under this statute construed in the
light of *Realty etc. Mtg. Co.* v. *Superior Court, supra,* where
separate actions are brought upon several assessments after
personal demand and a refusal to pay, the right to at least
$15 attorney's fee would accrue in each action upon the
filing of the complaint. The subsequent consolidation of
the actions would not deprive the plaintiff of this attorney
fee which had accrued upon the beginning of the several
actions. It is claimed in this case that there was such a
refusal to pay after personal demand. The court so finds
the fact.

The respondent claims that there is no evidence to support the conclusion of the court that the defendant refused to pay the street assessments. The evidence relied upon by the appellant to establish such refusal consists of a conversation between defendant's testator and Fred G. Meyers, the contractor in whose favor the assessment was levied, and who subsequently assigned his assessments to plaintiff for collection. He testified that he made a demand upon Mr. Watkinson, defendant's testator, some time in March, 1916, a month or two before he died; that Mr. Watkinson replied that he was short of money and that he would see about it pretty soon. The witness testified: "I said it should be paid, and if it wasn't paid, I was going to sell the assessments. . . . Q. Did he say he would pay you if at all? A. Well, he naturally said they were a little short of money. Q. That is all he said when you made the demand upon him for the money due? A. Of course, he even said that the Peoples Water Company had not paid him—that he was going to get some money from them pretty quick." On cross-examination the witness stated that Mr. Watkinson told him that he was expecting to get some money from the Peoples Water Company but that he was temporarily pressed for a little money. This evidence falls far short of proof of a refusal to pay. On the contrary, it indicates a willingness to pay only defeated by a lack of funds. The failure to pay rendered the owner liable for interest and costs, and a reasonable attorney's fee, but the discretion of the court was not limited to a minimum fee of $15 in each action, in the absence of a refusal.

It is conceded that a failure to pay after a personal demand and the lapse of an unreasonable time for payment might justify the court in concluding that there had been a refusal, but here the owner died within two or three months after the demand and no claim or demand was made upon the executrix of his will. As the penalty for refusal to pay the assessment was greater than the assessment (if we include the costs and attorney's fee in each separate action), it would seem but reasonable that the defendant should have some notice or warning that the plaintiff intended to treat the defendant's delay in payment as a refusal to pay the assessment. However that may be, in the absence of any actual refusal, and in the presence of an

implied promise to pay and the subsequent death of the owner, the mere delay in this case was insufficient to justify the finding of fact by the trial court that there had been a refusal to pay the assessments.

In this connection it may be noted that the legislature in session at the time the decision in *Realty etc. Mtg. Co.* v. *Superior Court, supra,* was under consideration by this court, amended section 12 of the Vrooman Act, so as to require a written demand personally served upon the owner, and a failure to pay for ten days after such demand as a condition precedent to the maintenance of the foreclosure action and as a basis of a claim for $15 attorney's fee in the action unless one year has elapsed after the date of the assessment. The amended section required the court to consolidate separate actions and to allow only $15 attorney's fee in the consolidated action "unless otherwise ordered by the court," and permitted such allowance of attorney's fees upon settlement or tender (Stats. 1913, pp. 402, 408, sec. 12, approved June 6, 1913). The amendment of 1915 to the Improvement Act of 1911 (Stats. 1915, pp. 1464, 1469, sec. 27) retained the provisions of the law of 1911, section 27, now under discussion, but the amendment of 1921 (Stats. 1921, p. 218, sec. 27) provides for the recovery of a reasonable fee after a personal demand in the foreclosure or upon settlement or tender where demand and refusal to pay has been shown, and also provides "that if the court finds an unnecessary number of actions have been brought, where the parties are identical, it may allow the costs of one action only."

These amendments show the continued effort of the legislature to distinguish between a mere failure to pay after a constructive demand; a failure to pay after a personal demand, and a refusal so to do after a personal demand. Our reference to amendments to the Vrooman Act in 1913 and to the Improvement Act of 1911 in 1921 are only relevant in this action to emphasize the distinction already pointed out between the language of section 27 of the act of 1911 and the provisions of section 12 of the Vrooman Act of 1885 as amended in 1889, construed in the cases relied upon by the parties and hereinbefore cited.

The matter of the amount of the attorney's fees to be allowed plaintiff in the absence of a refusal to pay on the

part of the owner after a personal demand so to do is in the discretion of the trial court.

Judgment affirmed.

Lennon, J., Lawlor, J., Sloane, J., Shaw, C. J., and Shurtleff, J., concurred.