[Civ. No. 4098.  Third Appellate District.—May 16, 1930.]

J. H. SAMMON, Appellant, v. CHAS. A. WING et al., Respondents.

Geo. W. Wright for Appellant.

Marshall Stimson for Respondents.

FINCH, P. J.—This is an action to foreclose the lien of a street improvement bond issued by the city of Santa Monica in the year 1926 under the Improvement Act of 1911 (Stats. 1911, p. 730). The action was commenced September 6, 1927. Judgment was entered in favor of the plaintiff for the relief demanded, except that nothing was allowed as attorney's fee for the prosecution of the action, the plaintiff having made no demand for payment of the bond upon the owner or his agent prior to the commencement of the action. The plaintiff has appealed from the judgment. There is no dispute as to the facts and the sole question presented by the appeal is whether, under the conceded facts, the plaintiff is entitled to recover any attorney's fee. At the time the bond was issued section 27, included in part I of the act, provided for a suit by the contractor or his assignee against the owner of land assessed for an improvement to recover the amount of any delinquent assessment. That section further provided:

"And in all cases recovery under the provisions of this act, where personal demand has been made upon the owner or his agent, but not otherwise, the plaintiff shall recover such sum as the court may fix, in addition to the taxable cost as attorney's fees. . . . And when suit has been brought after a personal demand has been made, and refusal to pay such

assessment so demanded, the plaintiff shall be entitled to have and recover such attorney's fees as the court may deem reasonable, in addition to all taxable costs, notwithstanding that the suit may be settled or a tender may be made before a recovery in said action." (Stats. 1923, p. 117, sec. 6.)

Part III of the act (section 59) authorizes the city council of a municipality to provide for the issuance of serial bonds "to represent assessments of twenty-five dollars or over for the cost of any work or improvement authorized in Part I of this act," and provides for the payment of any such bond by the property owner to the city treasurer and for the sale by the treasurer of the land upon which the bond is a lien, in case of default in payment thereof, upon the demand of the holder of the bond. Section 76, in part III, then read as follows:

"In the event of the nonpayment of any installment of the interest or principal and by way of a separate, distinct and cumulative remedy, the holder of any bond upon which any payment either upon the principal or of the interest has not, or shall not be made when due, may file and maintain a suit to foreclose the lien of the bond in the same manner provided in this act for the foreclosure of the lien of delinquent assessments. . . . The court shall also fix and allow a reasonable attorney's fee for the prosecution of said suit. . . . Such action shall be governed and regulated by the provisions hereof, and also when not in conflict herewith, by the codes of this state." (Stats. 1921, p. 297, sec. 10.)

Section 78, also in part III, has remained unchanged since the enactment of the statute. It provides:

"All provisions of Part I of this act not inconsistent with the provisions hereof shall apply hereto."

It may be conceded that the foregoing language of section 78 is of uncertain meaning. By the express language of section 27, however, the provision thereof that attorney's fees can be allowed only in cases "where personal demand has been made upon the owner, or his agent," is made applicable "in all cases of recovery under the provisions of this act." The conclusion that the provision last quoted is applicable to all cases is fortified by the provision of section 76 that a suit to foreclose the lien of a bond is to be maintained "in the same manner provided in this act for

the foreclosure of the lien of delinquent assessments." It follows that if the case is to be governed by the law as it stood at the time the bond in suit was issued the judgment must be affirmed.

█ Section 27 was amended in 1927 (Stats. 1927, p. 1408, sec. 4) and the amendment eliminates the provision that personal demand upon the owner or his agent is a necessary prerequisite to the plaintiff's right to an attorney's fee. Appellant contends that the amended law is controlling in this case, that the amendment affects the remedy only and does not impair the obligation of the contract on which the suit is based.

"It is immaterial whether the obligation of a contract is impaired by acting on the remedy or directly upon the contract. Impairment in either case is prohibited by the Constitution. . . . Any law which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulations in the contract, necessarily impairs it; whether the law professes to apply to the contract itself, or to regulate the remedy, it is equally within the true meaning of the Constitution if it in effect impairs the obligation of existing contracts." (6 R. C. L. 356.)

"A street assessment is a contract and the provisions of the statute in force at the time prescribing the manner of its enforcement are a part of such contract. . . . The bond issued upon such assessment . . . must, therefore, also constitute a contract. . . . Not only is the bond and the statute a contract, but it is a contract forced upon the parties by the compulsion of law enacted in pursuance of the taxing power of the state." (*Chapman* v. *Jocelyn,* 182 Cal. 294, 297 [187 Pac. 962, 963].)

Prior to the amendment of section 76 in 1921 (Stats. 1921, p. 297, sec. 10) the holder of a street improvement bond under the act of 1911 could not maintain a suit to foreclose the lien of his bond. In *Jeffreys* v. *Point Richmond Canal etc. Co.,* 202 Cal. 290 [260 Pac. 548, 549], the plaintiff, after the amendment of 1921, sued to foreclose the lien of improvement bonds issued in 1917. In reversing the judgment in favor of the plaintiff, the court said:

"The rights of property owners against whose property assessments were levied and bonds issued under the Improvement Act of 1911 prior to the amendment of 1921 be-

came vested under a statute which did not render them subject to any suit whatever in any court at the hands of a bondholder. While the legislature had power to make retroactive a law relating purely to a remedy, it could not alter the substantive rights of the property owners or their successors in interest. The amendment we are considering, although nominally aimed solely at providing a remedy, in fact, changes a substantive right of the property owner and, therefore, impairs, to the detriment of the property owner, the contract rights which became fixed when the street proceedings were taken and the bonds issued.''

The requirement that the bondholder make personal demand upon the owner before bringing suit, if an attorney's fee is to be exacted, is a material part of the contract in cases such as this. It affords the owner the opportunity to avoid the payment of an attorney's fee by discharging the lien without suit. Since an assessment for improvements may be imposed upon the property and a bond issued without the personal knowledge of the owner, in many cases the demand before suit or the services of summons after suit is commenced is the first information the owner acquires of the lien on his property. Statutes allowing an attorney's fee in a suit to foreclose the lien of such an assessment or bond are upheld on the ground that the state may impose a penalty for the failure of the property owner to discharge the lien without suit, the lien being ''one laid by virtue of the power of the state to tax.'' (*Engebretsen* v. *Gay,* 158 Cal. 30, 35 [Ann. Cas. 1912A, 690, 28 L. R. A. (N. S.) 1067, 109 Pac. 880, 883].) ''The statute permitting the collection of the attorney's fee as a penalty . . . must be strictly construed.'' (*Stokes* v. *Watkinson,* 189 Cal. 79, 84 [207 Pac. 689, 692].) Section 27, as it stood at the time of the improvement, is a part of the contract sought to be enforced, and a subsequent amendment authorizing the recovery of an attorney's fee without a previous demand would certainly add to the burden of the owner and thereby impair the obligation of the contract. It must be held that the amendment of 1927 is not retroactive.

There are many cases holding that a subsequent amendment requiring notice and demand before bringing suit, where not required at the time the contract was executed, or dispensing with such notice or demand, where previously

required, does not impair the obligation of the contract. In none of those cases, however, was the amount to be recovered dependent upon the giving of such notice or demand. In this case, by making the required demand the plaintiff could have increased the amount of his recovery by the allowance of an attorney fee. To allow an attorney's fee without such demand would clearly increase the burden of the owner and impair the obligation of the contract.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.