CITY OF EASTPORT *vs.* EDWIN B. JONAH.

Washington.      Opinion, October 3, 1936.

*George B. Pike*, for plaintiff.
*Jonah & McCart*, for defendant.

Sitting: Dunn, C. J., Sturgis, Barnes, Thaxter, Hudson, Manser, JJ.

Thaxter, J.  This is an action of debt brought by the City of Eastport to recover taxes in the sum of $423 assessed against the defendant. On motion of the defendant, the Court dismissed the action and the plaintiff excepted.

R. S. 1930, Chap. 14, Sec. 64, provides that "the mayor and treasurer of any city, the selectmen of any town, and the assessors of any plantation to which a tax is due may in writing direct an action of debt to be commenced in the name of such city or of the inhabitants of such town or plantation, against the party liable." Compliance with such statutory provision is a condition precedent to the maintenance of such action. *Wellington* v. *Small*, 89 Me., 154, 36 A., 107; *Inhabitants of Cape Elizabeth* v. *Boyd*, 86 Me., 317, 29 A., 1062.

The sole question in this case is whether the statute was complied with.

The written direction to commence the action in this instance was given, as set forth in the writ, by the president of the city council, the city manager and the city treasurer. The plaintiff contends that the city manager under the new city charter has the authority formerly conferred on the mayor, and was the proper official together with the city treasurer to direct the commencement of the action.

In the city charter, Priv. & Sp. Laws 1935, Chap. 66, Sec. 6, the powers and duties of the city manager are given as follows:

"The city manager shall be the executive and administrative head of the city and shall be responsible to the city council for the administration of all departments. The powers and duties of the city manager shall be as follows:

(a) To see that the laws and ordinances are enforced, but he shall delegate to the chief of the police department the active duties connected therewith regarding crimes and misdemeanors.

(b) To exercise control over all departments and divisions created herein or that may hereafter be created.

430

(c)  To make appointments as provided in this charter.

(d)  To assign the duties of 2 or more officers to 1 officer.

(e)  To divide the duties of any office between 2 or more offices.

(f)  To attend meetings of the city council, except when his removal is being considered, and recommend for adoption such measures as he may deem expedient.

(g)  To keep the city council fully advised as to the business and financial condition and future needs of the city and to furnish the city council with all available facts, figures and data connected therewith, when requested.

(h)  To perform such other duties as may  be prescribed by this charter or required by ordinance of the city council."

It is plain from a reading of this section that the city manager is but an administrative officer who acts under the direction and control of the city council. He does not succeed to the powers formerly exercised by the mayor. His direction to bring the action in question was not a compliance with the statute.

*Exception overruled.*