SEBASTIAN MUNCH, Administrator, Etc. *v.* JAMES WILLIAMSON and CHARLES COVILLAUD.

New Trial—Waiver of.— If the statement, on application for a new trial, is filed more than five days after the filing and service of the notice, the right to move for a new trial is waived, unless it appear from the transcript that the objection to the failure to file the statement in season has been waived by the opposite party, either expressly or by implication.

Order of Court Extending Time. — The following is a copy of the order of the Court in denying the application for a new trial : " Now, on this day, in open Court, comes on to be heard defendants' motion for a new trial ; and thereupon, after having heard the arguments of counsel, the Court overrules the same, to which ruling of the Court defendants, by counsel, except." *Held,* that the order did not show an appearance of the counsel of the plaintiff at the argument of the motion, and, therefore, did not show a waiver of the objection to the filing of the statement.

Waiver—Proof of.—The party who claims the benefit of a waiver of the failure to file a statement in due time must prove it beyond doubt, and not leave it to be ascertained by conjecture or doubtful inference.

Suit by Administrator.—One in the possession of personal property as administrator can bring an action in his own name against a wrongdoer for its wrongful conversion without setting forth in the complaint his official and representative capacity.  An allegation in the complaint that the plaintiff sues as administrator is surplusage.

Appeal from the District Court, Tenth Judicial District, Yuba County.

The Plaintiff, on the 29th day of April, 1861, was appointed administrator of the estates of A. Y. Brown and Cecilia Brown.

The complaint averred, that as administrator of said estates, plaintiff had in his possession ninety-nine thousand six hundred and eighty-one pounds of barley, and that while it was in his possession as administrator, defendants, in February and

March, 1862, wrongfully took possession of it and converted it to their own use.

Plaintiff recovered judgment below, and defendants appealed.

*F. L. Hatch,* for Appellants.

The appellants contend—first, that the *demurrer* to the amended complaint was well taken, and that the Court below erred in overruling the same.

There is a misjoinder of parties plaintiff, and an improper joinder of two separate and distinct causes of action.

The plaintiff sues as the administrator of two separate and distinct estates. He is acting in a double capacity as the representative of two deceased persons, although it appears that they were husband and wife. As such representative, he stands in the shoes of A. Y. Brown and Cecilia Brown, his intestates. As the representative and successor of each and both of them, he is clothed with their rights, and, in suing, is subject to all the disabilities which would attach to them, were they living and in Court themselves.

The complaint having shown that A. Y. Brown and Cecilia Brown were husband and wife, it should also show such a state of facts as would enable them to join as plaintiffs in an action of this character, were they living. Strike out the name of the plaintiff, Munch, and consider this an action brought by A. Y. Brown and Cecilia Brown—the several and independent owners of separate estates—for a trespass committed upon the separate estate of each, with nothing to show that they were husband and wife, and the complaint would be demurrable for an improper joinder of parties and actions. On the other hand, consider them as man and wife, and the complaint would be demurrable for the reason that it would not present such a state of facts as would make it proper to make the wife a party plaintiff under our system of practice.

*J. O. Goodwin,* for Respondent.

The statement was not filed in time. This Court will,

therefore, entirely disregard the statement, and look only to the judgment roll. (*Lafferty* v. *Brownlee*, 11 Cal. 132; *Hill* v. *White*, 2 Cal. 306; *Adams* v. *City of Oakland*, 8 Cal. 510.)

*F. L. Hatch,* for Appellant, in reply.

We think that the objection comes too late, the record showing that the motion for new trial was argued in Court, and that it was after "arguments of counsel" that the Court overruled the motion. It is clear from the record of what transpired, that the respondent's attorney was present in Court and participated in the arguments. His name does not appear, because the rulings of the Court were in his favor and he had no exceptions to take.

This Court has decided that where a party appears and argues a motion for a new trial, he cannot afterwards object that the statement was not agreed to by him, and that it was not settled by the Judge. (*Dickman* v. *Van Horn*, 9 Cal. 207.)

By the Court, SANDERSON, C. J.

The appeal is from the judgment and the order overruling the motion for a new trial. It is contended, on the part of the respondent, that we cannot review the order denying the new trial, because the statement was not filed within the time prescribed by the statute. The judgment was rendered on the 28th day of January, A. D. 1863, and notice of motion for new trial was served on the 30th of the same month. The statement on motion for new trial was not filed until the 13th of February, more than five days after the service of notice. The transcript contains no order of the Court or Judge extending the time allowed by the statute for filing the statement. The right to move for a new trial, therefore, must be held to have been lost, unless it appear that the objection in question has been waived by the respondent, either expressly or by implication. At the foot of the statement is an indorsement

22

to the effect that the respondent waives all objection as to the time of filing the statement, but this indorsement is not signed by either the respondent or his counsel. There is, therefore, no express waiver.

The appellant contends that the respondent appeared by his counsel at the hearing of the motion, and participated in the argument, and that thereby he has waived all irregularity as to the time of filing the statement. Admitting this to be so, the fact of the appearance is denied by the respondent, and the controversy can be settled only by a resort to the transcript. The only matter bearing upon this question of fact is found in the order of the Court overruling the motion, which is in the following words : "Now, at this day, in open Court, comes on to be heard the defendants' motion for a new trial, and, thereupon, after having heard the arguments of counsel, the Court overrules the same, to which ruling of the Court the defendants, by counsel, except."

We are unable to perceive how it can be seriously contended that this entry shows any appearance on the part of the respondent. It is only by a resort to a shadowy inference that we can say that there was an appearance even on the part of the appellant. It is claimed that the use of the word "arguments" shows that the motion was argued upon both sides. If upon questions of this character the doctrine of presumption can be invoked at all, the presumption in the present case is very much weakened and attenuated by the fact, disclosed by the record, that each defendant in this case had two counsel, making four in all. We are of the opinion that no appearance is shown. A party who claims the benefit of a waiver of this character must prove the waiver beyond cavil, and not leave it to be ascertained by conjecture or doubtful inference. This disposes of the appeal from the order denying a new trial, and leaves for our consideration only the appeal from the judgment, which rests entirely upon the judgment roll.

It is contended that the Court erred in overruling the demurrer to the complaint. The plaintiff seems to have sued as administrator of two, as it is claimed, distinct estates, to each

of which a portion of the property alleged to have been taken from the possession of the plaintiff by the defendants and converted by them, belonged.   It is contended that the plaintiff, regarded in his official capacity, is, in contemplation of law, two persons, and has been improperly joined as plaintiff, and that inasmuch as the property belongs to two separate and distinct estates, the anomaly is presented of two persons who have no joint interest, or other connecting link, litigating each his separate and independent cause of action in the same suit. This apparently anomalous condition of the case arises from the notion that the plaintiff was obliged to sue in his official and representative capacity.   All the difficulties in the case find a ready solution in the fact that no such necessity existed. It was not necessary for him to sue as administrator, and all the matter contained in the complaint in relation to the capacity in which he held possession of the property in question was mere surplusage ; and, inasmuch as surplusage never vitiates, might have been, and doubtless was, disregarded by the Court below.

Judgment affirmed.