# DAVID CALDERWOOD *v.* ROBERT C. BROOKS, ANTHONY RILEY, AND JAMES BURKE.

PARTIES TO MOTION FOR NEW TRIAL.—One of several parties against whom a judgment is rendered, who does not join in a motion for a new trial, cannot complain of alleged error in denying a new trial.

RESIDENCE OF DEFENDANT SERVED WITH SUMMONS.—If the affidavit of service of summons states the county in which service was made, and defendant makes default, it will be presumed that he was a resident of the county where service was made.

DESCRIPTION OF LAND SUED FOR IN A SUMMONS.—In ejectment, if the summons contains no description of the demanded premises, except to refer to the complaint for such description, and two or more of the defendants reside in the same county, and the summons is served on all defendants in that county, but a copy of the complaint on one only, the summons is sufficient to sustain a judgment by default against those not served with a copy of the complaint.

EVIDENCE OF SERVICE OF A NOTICE.—A statement on the back of a notice of motion for a new trial, signed by the attorney of the moving party, stating that the notice was served at a certain time, is not evidence of such service.

NOTICE OF MOTION FOR NEW TRIAL.—Unless the record contains evidence of the service of the notice of motion for a new trial, or it clearly appears from the record that service of the notice was waived, the Court has no jurisdiction of the motion.

WAIVER OF SERVICE OF NOTICE.—If the record does not show that the party resisting an application for new trial proposed any amendments to the statement, or participated in its settlement, it will not be presumed that he waived service of notice.

OBJECTION TO WANT OF FINDINGS.—If a party does not request the Court to file findings, or move the Court to amend its findings, and upon a refusal of the Court to do either, except thereto, he cannot complain of a want of or the insufficiency of the findings.

AGAINST WHOM A RECOVERY IN EJECTMENT IS EVIDENCE.— The recovery of a judgment in an action of ejectment is evidence that at the commencement of the action the plaintiff was entitled to the possession as against the defendant; but, in order to constitute it evidence against a third person, not claiming under the defendant, it must be shown that the third person bore such a relation to the defendant's title that it was his duty to have defended the action upon the requisite notice thereof being given, and that he had a proper opportunity to make a defense founded upon his title.

WAIVER OF FORFEITURE OF A LEASE.—The forfeiture of a lease is not waived by the lessor allowing the tenant to hold over without notice to quit, unless there are circumstances which show that a new term has been created between the parties.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*E. A. Lawrence*, for Appellant.

*David Calderwood*, in *pro. per.*, for Respondent.

By the Court, RHODES, J.

This is an action of ejectment. The default of Riley and Burke, two of the defendants, was entered, and the action was tried by the Court as against Brooks, the remaining defendant, and judgment was rendered against all the defendants. Brooks moved for a new trial, and the motion having been denied, all the defendants appeal from the judgment and from the order denying a new trial. Riley and Burke cannot complain of alleged errors of the Court in refusing the new trial, for they were not parties to the motion. They allege that the affidavit of service of the summons is insufficient, because it does not state that they resided in San Francisco. It states that they were served in that county, and it will be presumed, nothing to the contrary appearing, that they resided in the county in which they were served with process. It is also claimed that the summons does not warrant the default, because it does not contain a description of the land sued for. It appears that the three defendants were served with process in the same county, and that a copy of the complaint was served upon Brooks alone. The statute (Practice Act, Sec. 28) does not require the copy of the complaint to be served on more than one of the defendants residing in the county, and therefore the service upon the one, is deemed a service upon all the defendants within the county. In the summons the "cause and general nature of the action" is described in these words: "And said action is brought to recover the possession of certain land and premises, more particularly described in the complaint herein." The complaint is thus by reference made a part of the summons, and it affords a proper description of the premises. The summons and affidavit were sufficient to authorize the entry of the default.

The plaintiff insists that the order of the Court in denying the motion for a new trial cannot be considered, because the notice of the motion was not served upon him. The record must contain the evidence of the service of the notice, or it must clearly appear from the record that service of the notice

was waived, (*Munch* v. *Williamson*, 24 Cal. 167 ; *Bear River* v. *Bolles*, Id. 354 ; *Flateau* v. *Lubeck*, Id. 364.) The following indorsement appears upon the notice of the defendant's motion for a new trial. " Service admitted of the within notice, November 17th, 1863, served D. Calderwood, November 17th, 1863, by sending notice in envelop (paying postage) directed to D. Calderwood, San Francisco. M. H. Furman." The notice was signed by " W. H. Furman, attorney for the defendant." The indorsement affords no evidence of the service, for it is not an admission by the plaintiff of service, and the service by mail is not verified by the certificate of an officer authorized to make service, nor by the affidavit of any person. Service upon a party may be personal, or by leaving the notice at his residence, or by mail if his residence is not known. (Prac. Act, Sec. 520.) It does not appear that the plaintiff's residence was unknown, and therefore the service by mail did not constitute a legal service.

It does not appear, either expressly or by implication, that service of the notice was waived. It appears, from a notice signed by the plaintiff, attached to the statement on motion for a new trial, that he offered to return the statement to the defendant's attorney, for the reason, among others, that the notice of the motion had not been served on him, and it does not appear that the plaintiff proposed any amendments to, or participated in the settlement of the statement. The minutes of the Court show that the plaintiff moved to strike out the motion for a new trial, and the statement. Under these circumstances he cannot be deemed to have waived the service of the notice of the motion.

The notice of the motion not having been served, the Court below had no jurisdiction of the motion; and the statement on the motion, including the grounds properly resting upon the statement for their support, must be disregarded by this Court on appeal. This leaves the case to stand upon the judgment roll, and we can notice only the errors appearing therein.

The defendant, among his points, assigns for error the order

striking out a part of the answer of Brooks. We cannot find in the transcript a motion to strike out any part of the answer; the record fails to disclose what portion was stricken out; and it does not appear that the defendant took an exception to the order striking out a part of the answer; and we are therefore unable to understand why counsel should have presented the point.

The further points are made that the Court erred in over-ruling the defendant's exceptions for the want of a finding, and his motion to modify the same, and in ordering judgment without filing any findings. It appears from a paper copied into the transcript, but which forms no part of the judgment roll, or a statement or bill of exceptions, that the defendant, thirteen days after the Court ordered judgment for the plaintiff, and three days after the entry of judgment, excepted to the entry of judgment for the reason that no findings of fact and conclusions of law were filed. But we find no motion that the Court amend the findings, nor any exception of the defendant to the refusal of the Court to file findings after objections made, as prescribed by the Act of 1861, to regulate appeals (Statutes 1861, p. 589); and the transcript shows that subsequently to the defendant's objections for the want of a finding, the Court filed its findings of fact and conclusions of law, and thus obviated the objection made. The points seem not only not well taken, but destitute of all support.

The only question in the case presenting any difficulty is whether the findings of fact support the judgment. It appears by the findings that the action of *Edmond Brooks* v. *Ross et al.,* in which Calderwood and R. C. Brooks were also defendants, was commenced March 14th, 1861, and judgment therein against R. C. Brooks, but not against Calderwood—the action having been dismissed as to him—was rendered November 12th, 1862, and on the 8th day of May, 1863, R. C. Brooks was dispossessed by virtue of the writ issued upon the judgment. This action was commenced in April, 1863, and it is found that R. C. Brooks entered under a written lease, dated November 13th, 1861, for the term of one year, and that he and the other

defendants were in possession at the commencement of this action. It is argued that the proceedings, judgment and writ in the case of *Brooks* v. *Ross*, and the fact that under the writ R. C. Brooks was evicted from the premises, prove that the title of Edmond Brooks is paramount to that of Calderwood. The judgment roll in that case which is inserted in the statement in this case cannot be looked into to determine the question, for the reasons already given, but we are confined to the findings. It is not stated in the findings that the title of Edmond Brooks was superior to that of Calderwood, nor that he had the right of possession as against Calderwood, nor what was the right or title of Edmond Brooks upon which he recovered the possession, nor that any right or title of, or derived from, Calderwood, was in issue in that action. It is not to be presumed that Calderwood's title was in issue, for the reason, if for none other, that at the commencement of that action no privity between him and R. C. Brooks appears, but it is found that Brooks entered as his tenant after the commencement of the action. The recovery in ejectment by the plaintiff is evidence that at the commencement of the action the plaintiff was entitled to the possession as against the defendant, but in order to constitute it evidence against a third person, not claiming under the defendant, it must be shown that the third person bore such a relation to the defendant's title, that it was his duty to have defended the action, upon the requisite notice thereof being given, and that he had a proper opportunity to make a defense founded upon his title. The findings do not show any privity between Calderwood and R. C. Brooks at or before the commencement of the action of *Brooks* v. *Ross*, and the judgment is not evidence of title in Edmond Brooks paramount to that of Calderwood. It appears from the findings that R. C. Brooks entered as Calderwood's tenant for one year, that the year had expired, and that the tenant had forfeited his lease before the commencement of this action. The plaintiff was thereupon entitled to recover the possession of the leased premises. The forfeiture was not waived, as the defendant argues, in consequence of the tenant's holding over and no

notice to quit being given, for the mere holding over would not entitle him to notice to quit, nor would it amount to a waiver of the forfeiture, unless the holding over was under such circumstances that the Court would be justified in finding that a new term had been created between the parties. This matter is set at rest by the fact that the Court has not found that a further term, commencing at or after the expiration of the year, was created. In our opinion the finding supports the judgment.

Judgment affirmed.