## PELLIER v. GILLESPIE and Others.

### No. 7790; November 22, 1884.

#### 4 Pac. 1137.

**Process.**—An Affidavit of Service of Summons is not Fatally **Defective** because it does not state that the parties on whom it was served were residents of the county where served. If it states that they were served in that county, it will be presumed, nothing to the contrary appearing, that they resided in the county in which they were served with process.

**Mortgage—Foreclosure.**—An Allegation That a Purchaser of **Mortgaged Property** covenanted and agreed to pay the mortgage debt and discharge the mortgage lien is sufficient to sustain the judgment of foreclosure and sale.

APPEAL from the Superior Court of Santa Clara County.

This was a proceeding to foreclose the plaintiff's mortgage on defendant Gillespie's premises. The complaint alleged

sale by Gillespie to the defendant the San Jose I. M. & L. Co., and that said company had covenanted and agreed with Gillespie to pay the mortgage debt and discharge the mortgage lien. The court rendered a judgment of foreclosure and decree of sale. The defendant San Jose I. M. & L. Co. appealed.

Houghton & Stetson for appellant; J. R. Lowe for respondent.

By the COURT.—The objection that the affidavit of service of summons is fatally defective because it does not state that the appellant, on whom the summons alone was served, and the defendant, on whom a copy of the complaint was served with the summons, were residents of the same county, is overruled, on the authority of Calderwood v. Brooks, 28 Cal. 153. The allegation that appellant covenanted and agreed to pay the mortgage debt and discharge the mortgage lien is sufficient to sustain the judgment. There is a sufficient description of the premises. Judgment affirmed.