[S. F. No. 14499. In Bank.—January 21, 1932.]

S. P. MEDA et al., Respondents, v. FREDERICK H. LAWTON et al., Appellants (and Consolidated Cases).

Kirkbride, Wilson & Brooks, R. P. Wisecarver and J. E. McCurdy for Appellants.

Albert Picard, Franklin Swart, Edmund Scott, William Evans, Samuel R. Davis, Walter E. Dorn, Herbert Chamber-

lin, J. W. Coleberd, O'Brien & Lucy and Franklin M. O'Brien for Respondents.

WASTE, C. J.—Respondents move to dismiss the appeal of certain appellants. The actions were brought to foreclose mechanics' liens and for judgment against the contractor and his bondsmen. The appellants Gerske, whose appeal is thus attacked, are the owners of real property. Lawton is the contractor who agreed to erect a dwellinghouse thereon, and the National Surety Company furnished his bond. The actions were consolidated for trial in the court below, and a single judgment in favor of the plaintiffs was entered covering all the issues between the various parties. It provided for money judgments in favor of the plaintiffs and against the defendants Lawton and National Surety Company in the aggregate sum of $11,541.20, with interest and costs, decreed that each of the amounts found to be due the several plaintiffs were liens against the real property of defendants Gerske, and ordered the sale of the property in satisfaction of the liens. Provision was made for deficiency judgments against Lawton.

The judgment was entered September 26, 1930. Motions for new trial and to vacate the judgment, duly made by Lawton, the contractor, and the surety company, were denied, and the order was entered on November 22d following, and within the sixty days' limitation fixed by section 660 of the Code of Civil Procedure. Appeal was thereupon taken by defendants Lawton and the National Surety Company, and is now pending and undetermined in this court.

No motion for a new trial was made by the defendants Gerske, and they did not join in the motions made by the other defendants; but on December 11, 1930, they gave and filed notice of appeal from the judgment against them. It is this appeal which the plaintiffs [respondents] move to dismiss upon the ground that the appeal was taken too late. The decision on the motion depends upon the determination of but one point, viz., did the new trial proceedings instituted by the contractor and his surety operate to extend the time within which the owner might file notice of appeal, as provided in section 939 of the Code of Civil Procedure? The pertinent sentence of the section reads as follows: "If proceedings on motion for a new

trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion.'' It must be noted that this language could hardly be more general, and in our view it warrants the construction that proceedings on motion for a new trial operate to extend the time for appeal from the judgment for all parties seeking to appeal.

Respondents argue that, as the Gerskes did not elect to institute new trial proceedings, the reason for the extension of the time as to them did not exist; that the refusal of the trial judge to grant a new trial to the moving defendants cannot be reviewed on Gerskes' appeal; and that the judgment, in so far as it operates against the National Surety Company and Lawton, cannot be reviewed on the appeal of the Gerskes. While it may be true, under the present method of review, as it was under the old statutes, that one of several parties against whom a judgment is rendered, who does not join in a motion for a new trial, cannot complain of alleged error in the denial of the motion (*Calderwood* v. *Brooks,* 28 Cal. 151), the reasons urged by respondents for the dismissal of the appeal of the owner of the land in this case do not have much force. Respondents cite *Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486], and *Wilcox* v. *Hardesty,* 177 Cal. 752 [171 Pac. 947], which discuss generally the reasons which led the legislature to abolish the right of appeal from an order denying a new trial, and to further provide that if proceedings on motion for a new trial are pending, an appeal from the judgment may be taken within the designated period after the termination of such proceedings. It was the intent of'the legislature, these cases hold, in enacting sections 939, 956 and 963 of the Code of Civil Procedure, to provide for a review of all matters that might theretofore have been considered on such an appeal on the appeal from the judgment. But other than the discussion under the old method (*Calderwood* v. *Brooks, supra*), we find no expression of this court approaching the question that we now have before us.

The legislature has not seen fit to provide that proceedings on motion for a new trial do not extend the time for appeal of parties not making or joining in the motion. In

the absence of such a provision, we see no good reason for holding a contrary view. We do not anticipate that any delays, confusion or complications will arise from such construction. This case, we think, affords an illustration supporting our view. Under the enlarged powers of the trial court upon proceedings for a new trial, conferred by section 662 of the Code of Civil Procedure, a new trial might have been granted in whole or in part, or the judgment might have been modified or vacated in whole or in part, or the case might have been reopened for limited purposes. In these circumstances, there was nothing inequitable in allowing the nonmoving defendants to await the action of the trial court on the new trial proceedings before filing their notice of appeal. The language of section 939, *supra,* is broad enough to justify this interpretation. There was a proceeding for a new trial pending, within the wording and intent of the statute, and the appeal was taken in time.

The motion to dismiss is denied.

Preston, J., Shenk, J., Richards, J., Seawell, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.