Betty Louise HARRINGTON, Appellant,

v.

Marshall C. HARRINGTON, Appellee.

No. 2197.

Municipal Court of Appeals for the District of Columbia.

Argued May 14, 1958.

Decided May 20, 1958.

Sidney S. Sachs, Washington, D. C., with whom Lewis Jacobs and Julius Poms, Washington, D. C., were on the brief, for appellant.

Katherine M. Staley, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee has moved to dismiss this appeal on the ground that the notice of appeal was filed too late. The record shows that judgment was entered February 12, 1958, and appellant filed a timely motion for reconsideration or for a new trial. That motion was set for hearing on March 26, but on that date counsel for appellant filed a praecipe withdrawing the motion; and on April 4 notice of appeal was filed.

Our Rule 27(a) provides that notice of appeal in civil cases shall be filed within ten days from the date of the entry of judgment. Rule 27(d) provides: "When a motion has been seasonably filed for a new trial, or for judgment notwithstanding the verdict, or to vacate or modify the order, finding, or judgment, the times specified in sections (a), (b), and (c) hereof shall not begin to run until disposition of such motion."

Appellee contends that Rule 27(d) has no application here because there was no disposition of the motion, that the rule contemplates disposition by the court, and that appellant's voluntary withdrawal of the motion effectively prevented disposition by the court. Appellant argues that 27(d) is applicable and that her withdrawal of the motion constitutes a disposition within the meaning of the rule. We have found no authority on this question and none has been cited to us. However, we think it is clear that disposition, as used in the rule, means disposition by the court and not a voluntary withdrawal by the party. If a party wishes the advantage of 27(d) he should submit his motion to the court for disposition and not attempt to dispose of it by withdrawing it. Accordingly we hold that the filing of appellant's motion, without disposition, did not extend her time for appeal. If this were all we would be compelled to grant the motion to dismiss, but we think the appeal was timely because of another feature of the case.

When appellant filed her motion for new trial, appellee filed opposition thereto and in opposing the motion sought affirmative relief by asking the court to modify its judgment by eliminating therefrom that portion relating to support of the child. Appellee's opposition was filed within the time permitted for moving with respect to the judgment, and therefore that part seeking modification of the judgment is to be considered as a timely motion to modify the judgment and this motion was disposed of by the court by denying it on March 26, the same day appellant's motion was withdrawn. Thus, under Rule 27(d) the filing of appellee's motion extended the time for appeal until its disposition. This extension of time operated not only in appellee's favor, but also in favor of appellant, because until disposition of the motion to modify there was no final judgment from which either party could appeal. Phinney v. Houston Oil Field Material Co., 5 Cir.,

252 F.2d 357; Meda v. Lawton, 214 Cal. 588, 7 P.2d 180.

Appellee also argues that since appellant's notice of appeal stated that the appeal was from the order of March 26, it cannot act as a notice of appeal from the judgment of February 12. Obviously the notice of appeal should have referred to the judgment of February 12 and we can and do treat it as notice of appeal from that judgment. Diatz v. Washington Technical School, D.C.Mun.App., 73 A.2d 227, rehearing denied, D.C.Mun.App., 73 A.2d 718, affirmed sub nom. Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26.

Accordingly the motion to dismiss the appeal is denied and appellant's time for filing reporter's transcript or statement of proceedings and evidence is extended to and including the 31st day of May, 1958.