**NEUHOFF BROS., PACKERS, Appellant,**

**v.**

**Felipa H. ACOSTA et al., Appellees.**

**No. 15427.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 21, 1958.

Rehearing Denied Jan. 9, 1959.

Lyne, Blanchette, Smith & Shelton and W. S. Barron, Jr., Dallas, for appellant.

Mullinax, Wells & Morris, Dallas, and Robert G. Reeves, Tyler, for appellees.

YOUNG, Justice.

This suit was brought pursuant to provisions of the Fair Labor Standards Act of 1938 (29 U.S.C.A., §§ 201–219) by plaintiffs (some 45 in number) to recover (1) alleged unpaid overtime compensation; (2) an additional 100% of the foregoing item as liquidated damages and (3) attorneys' fees; defendant Neuhoff Bros., Packers, being their present or former employer. The case

was submitted to a jury upon 279 special issues and upon their answers, defendant contended that plaintiffs were entitled to judgment for $687.61 instead of the $46,-407.94 sought; filing motion for judgment to that effect. Thereafter the court overruled defendant's motion for judgment on the verdict and rendered judgment for plaintiffs notwithstanding in part the jury verdict, granting them specified amounts of overtime compensation aggregating $13,-307.74, attorneys' fees of $4500—a total recovery of $17,807.74; denying them any liquidated damages and taxing cost of suit at one-half to each party respectively; from which judgment the appeal is prosecuted.

Above court rendition was of date August 26, 1957, the jury having found that most of the plaintiffs were engaged in interstate commerce or in the production of goods for interstate commerce; the court then finding "that none of the plaintiffs named hereinbelow had a regular hourly rate of pay, notwithstanding the jury verdict that there was such a regular rate of pay for some of said plaintiffs"; and further "to the extent that the jury verdict conflicts with the findings and judgment herein, such part of the jury verdict and such part only, is set aside for the reason that the same is contrary to the undisputed evidence and contrary to the overwhelming weight of the evidence". In the judgment plaintiffs had excepted to the court's denial of liquidated damages, failure to award attorney's fees prayed for ($9,000) and to the taxing one-half of costs against them; defendant excepting "to all parts in which plaintiffs or any of them were granted affirmative relief in excess of the amounts prayed for in defendant's motion for judgment; to the taxing of cost against defendant; to the court's findings contra to the jury verdict, and to the failure to grant defendant's motion for judgment".

As above stated, date of judgment non obstante veredicto was August 26, 1957. On September 4, appellant filed notice of appeal therefrom; appellees, on September 5, filing motion for new trial (limited, however, to the items already excepted to in aforesaid judgment). On October 4, 1957 appellees filed motion to withdraw their pending motion for new trial; on same day appellant filing its combined cost and supersedeas bond for appeal. On October 7 an order was entered granting appellees leave to withdraw their motion for new trial; on October 12, 1957 appellant filing another notice of appeal. In this connection, it should be noted that the trial had consumed more than two weeks of time; the transcript consisting of 318 pages, statement of facts 653 pages, aside from volumes of exhibits.

First seriously to be considered is appellees' motion to dismiss the appeal on ground that no timely appeal bond had been filed in the case as required by Rule 356, Texas Rules of Civil Procedure, providing that "whenever a bond for cost is required, the bond shall be filed with the Clerk within thirty days after the date of rendition of judgment or order overruling motion for new trial". Appellant had filed no motion for new trial, same not being a prerequisite when a judgment notwithstanding the jury verdict is complained of under Rule 324. At no time during the thirty days following the judgment of August 26, 1957 did appellant file an appeal bond, but instead, its cost and supersedeas bond was not filed until thirty-nine days thereafter. Appellant does not dispute the foregoing state of the record but says "the only reasonable interpretation to be given Rule 356 and the only one of which its plain language will fairly admit, is that the date of *disposition* of a motion for new trial, regardless of the party in behalf of which it is filed, marks the commencement of the thirty day period within which the bond must be filed". (Emphasis ours.) No Texas cases are cited in support of the proposition just stated; appellant arguing "that other jurisdictions inclusive of Federal have so ruled when confronted with the exact situation at

**418**

hand". Meda v. Lawton, 214 Cal. 588, **7** P.2d 180 and Atlantic Coast Line R. Co. v. Shields, 5 Cir., 220 F.2d 242 are strongly relied upon in this connection. But whatever may be the construction elsewhere of differently worded rules involving time for perfecting an appeal, we are duty bound to follow the construction of Rule 356 as made by our own Supreme Court "that the requirement that the bond be filed within thirty days is mandatory and jurisdictional and that the time cannot be dispensed with or *enlarged by the courts for any reason*". (Emphasis ours). Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315, 318. It would appear too plain for argument that the construction contended for by appellant would constitute a prohibited enlargement of the rule. On the other hand that if a party is appealing from the judgment, the plain intent of the Rule is that his timetable shall run from date of judgment. If the appeal be predicated on points raised in motion for new trial, then the time for perfecting an appeal shall run from the date his said motion for new trial is overruled. And since appellant did not file a motion for new trial it cannot rely on the *disposition* of the opposing parties' motion for a new trial. Such is the ratio decidendi (underlying principle) of Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624, and Texas Van Lines, Inc. v. Templeton, Tex.Civ.App., 305 S.W.2d 646. In other words, as aptly stated by appellees, "that insofar as the appellant's timetables are concerned, a party must stand on his own feet and may not rely on the filing of a motion for a new trial by another party to extend his own appellate timetable".

But appellant says that it "cannot appeal or certainly is not obliged to appeal when the adverse party has a valid motion for new trial pending." To the contrary it is well settled, as stated in Glasscock v. Bryant, Tex.Civ.App., 185 S.W.2d 595, 598, that "Even though there be a motion for new trial pending, the judgment may be final in the sense that an appeal will lie therefrom. Golden Rod Oil Co. No. 1 v. Golden West Oil Co. No. 1, Tex.Com.App., 293 S.W. 167." See also City of Abilene v. American Surety Co., Tex.Civ.App., 73 S.W.2d 616, and Foster v. Bourgeois, 113 Tex. 489, 259 S.W. 917.

The motion of appellees is accordingly sustained and the appeal in question is dismissed for want of jurisdiction.