Lloyd G. Russell, Hardeman & Bamford, Allen Melton, Dallas, for appellee.

**W. W. KOONCE, Appellant,**

v.

**N. N. CAMPBELL, Appellee.**

No. 7328.

Court of Civil Appeals of Texas.

Texarkana.

June 27, 1961.

DAVIS, Justice.

This is a suit by appellee, N. N. Campbell, against the appellant, W. W. Koonce, on a promissory note. Appellee alleged that on February 18, 1955, that the appellant executed a note, payable to appellee, in the sum of $1,043.50, payable 60 days after date. The note provided for 10% interest after maturity, and a 10% attorney's fee.

Appellant, by a verified answer, alleged that he signed a note in blank, in December of 1954, with the understanding that appellee would fill it out correctly, stating the amount due on the note, and alleged that there was no agreement for the payment of interest, or a date that the note would become due. The note was apparently in renewal of a note that had been given by Tina Craig to Shelley Coleman in 1950, and assigned to the appellee, with a guarantee by appellant to pay the same.

Appellant is a licensed real estate dealer. Appellee is an insurance salesman and makes loans on various kinds of property, including real estate. Appellant swore that there was an agreement between him and the appellee that the appellee would give appellant credit for the sum of $20 for each appraisal appellant made upon real estate. Appellant swore that he made more than 30 appraisals after the purchase of the Tina Craig note by appellee.

The case was tried before a jury. In answer to special issues submitted, the jury found that at the time the note was delivered by appellant to appellee the amount of the note had not been inserted; the amount of the note as filled in, in the sum of $1,043.50, was incorrect; the exact amount of the note should have been $871.-50; and, the appellant signed the note on December 20, 1954, not on February 8, 1955. The jury found that the rate of interest was not increased, and the appellee did not agree to pay the appellant $20 for each appraisal upon property. There was no issue submitted as to the date of the payment of the note, nor an issue as to whether or not the four year statute of limitation applied.

In the trial of the case, appellant proved from the records of the appellee that on December 31, 1951, there was $422.50 still due on the note. Appellee admitted that he had charged this amount off on his Income Tax Return for the year 1951 as a loss on a bad debt. Appellee testified that the appellant had signed a note in renewal of the Tina Craig note in 1951, in the sum of approximately $765. There were several payments made on the note after the alleged date of signature that totaled the sum of $42.50. If this were true, this would bring the total of the amount of the note to $722.50.

The verdict of the jury was received by the court and filed by the clerk. The trial court entered a judgment in favor of the appellee for the sum of $871.50, plus interest and attorney fees. The appellant filed

a motion for judgment on the verdict. After the entry of the judgment, appellant filed a motion for new trial and a motion to vacate the judgment by the trial court. The appellee filed a motion to vacate the judgment. The trial court did vacate the same. Appellant filed a motion for judgment on the jury verdict, and the appellee filed a motion for judgment non obstante veredicto. The motion for judgment non obstante veredicto was granted by the trial court, and judgment was entered against the appellant for $1,043.50, plus interest and attorney's fees. Appellant has perfected his appeal.

■ Appellant brings forward five points of error. Appellee takes the position that we can not consider the first, fourth and fifth points of error under the Texas Rules of Civil Procedure, because the appellant did not file a motion for new trial after the final judgment was entered. He relies on Glasgow v. Hurley, Tex.Civ. App., 333 S.W.2d 658, n. w. h. This case is not in point. Under Rule 324, Vernon's Ann. Texas Rules of Civil Procedure, in an appeal from a judgment n. o. v., or notwithstanding the jury verdict, a motion for new trial is not necessary. DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Neuhoff Bros., Packers v. Acosta, Tex.Civ.App., 319 S.W.2d 416, affirmed Tex., 327 S.W.2d 434; Miller v. Gahagan, Tex.Civ.App., 316 S.W. 2d 160, n. w. h.; English v. Century Indemnity Company, Tex.Civ.App., 342 S.W. 2d 366, n. w. h.

■■ Appellant alleged in his verified answer that the amount of the note had been materially changed and the date the note was signed had been materially changed by the appellee after appellant had signed the note in blank; and, the note sued upon was unenforceable. These did constitute material changes, and renders the note sued upon unenforceable. There was no issue submitted on whether or not the note had been due more than four years. This would be necessary to decide whether or not limitation had run against

the note. But, under Sec. 14, of Art. 5932 and Secs. 124 and 125 of Art. 5939, V.A. T.C.S., the note is not enforceable. There was plenty of evidence to support the jury findings on these issues. The trial court should have entered a judgment that the appellee take nothing. There have been no cross-assignments in this appeal by the appellee that will require this court to remand the case to the trial court. It becomes our duty to enter the judgment that the trial court should have entered in the first place.

For the errors hereinabove pointed out, the judgment of the trial court is reversed; and, judgment is here rendered that the appellee take nothing.