John G. SAUL, Appellant,

v.

Bernice A. SAUL, Appellee.

No. 3013.

Municipal Court of Appeals for the District of Columbia.

Argued April 3, 1962.

Decided April 19, 1962.

Rehearing Denied May 4, 1962.

Russell Hardy, Sr., Washington, D. C., with whom Russell Hardy, Jr., Washington, D. C., was on the brief, for appellant. John G. Saul, Washington, D. C., also entered an appearance.

Herbert D. Horowitz, Washington, D. C., with whom Joseph H. Schneider and Albert Ginsberg, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

PER CURIAM.

This appeal by a husband resulted from an action for maintenance and custody. Appellee urges dismissal on the ground that the notice of appeal was not filed within the ten days prescribed by our Rule 27(a).

The notice of appeal was filed December 19, 1961, and recited that it was taken from (1) a pendente lite order for maintenance and custody, entered April 12, 1961; (2) a judgment for custody and support entered September 27, 1961; (3) an order (no date specified) overruling a motion to dismiss on the ground of forum non conveniens; and (4) an order of adjudication entered December 13, 1961.[1]

It will be seen at once that the first, pendente lite, order of April 12, 1961, was entered more than seven months before the appeal was taken, and is not now subject to review. Moreover, it was superseded by the final judgment entered when the case came on for trial.

The final judgment of September 27, 1961, for custody and support bore the consent in writing of defendant husband and his then attorney. Defendant later sought release from that consent judgment by four motions, as follows:

October 6, 1961—Motion to modify;

November 8, 1961—Motion for rehearing and to vacate judgment;

November 13, 1961—Motion to modify visitation rights and to adjudicate plaintiff wife in contempt;

November 20, 1961—Motion for rehearing on motion for new trial and to dismiss action for want of jurisdiction.

Even if we assume that one or more of such motions could have served to stop the running of time for noting appeal,[2] they later lost that purpose or function, for all four motions were voluntarily withdrawn[3] by a praecipe signed by appellant and a new attorney who was appearing for him. This was on December 12, 1961, when the last hearing was had below. There then remained only three matters for consideration, and after taking testimony, the trial

---

1. Incorrectly stated as December 12 in notice of appeal.

2. Our Rule 27(d); Reading v. Faucon, D.C.Mun.App., 134 A.2d 376.

3. Harrington v. Harrington, D.C.Mun. App., 141 A.2d 755.

court decided as follows: (1) it postponed imposition of any penalty against defendant for contempt, (2) it ordered defendant to pay his wife's counsel a fee of $75, and (3) it overruled the wife's motion to enjoin defendant from filing additional pleadings. None of these three rulings is in any way involved in this appeal.

In a memorandum submitted to us at argument, counsel for appellant states: "As the motion to vacate was not disposed of until December 12, 1961, the time for appeal in this case did not begin until that date." This is not so. The motion to vacate, along with three other motions, was disposed of when appellant and his counsel formally withdrew it by praecipe; it was never decided or submitted for decision.

Thus the notice of appeal can only be regarded as attempting to reach the consent judgment of September 27, 1961. As to that judgment, it was late by several weeks.

Appeal dismissed.